UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAPHNE SHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>SOLAREDGE TECHNOLOGIES, INC., ZVI LANDO, and RONEN FAIER,<br><br>                              Defendants. | Case No.  1:23-cv-09748-GHW<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MIVTACHIM THE WORKERS SOCIAL INSURANCE FUND LTD., KEREN HGIMLAOT HMERKAZIT HISTADRUT CENTRAL PENSION FUND LTD., KERREN MAKEFET PENSION AND PROVIDENT CENTER COOPERATIVE SOCIETY LTD., THE HADASSAH WORKERS PENSION FUND LTD., AND HACHSHARA INSURANCE COMPANY LTD. FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS |
| JAVIER ALCIDES CASCALLAR, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>SOLAREDGE TECHNOLOGIES, INC., ZVI LANDO, and RONEN FAIER,<br><br>                              Defendants. | Case No.  1:23-cv-10847-GHW |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ..................................................................................................................................... 5

    I.      THE COURT SHOULD APPOINT THE AMITIM FUNDS AND
           HACHSHARA AS CO-LEAD PLAINTIFFS ......................................................... 5

          A.      The Amitim Funds and Hachshara Have the Largest Financial Interest of
                Any Competing Movant ............................................................................... 6

          B.      The Amitim Funds and Hachshara Satisfy the Requirements of Rule 23 .. 8

    II.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
           APPROVED ........................................................................................................ 13

    III.   THE COMPETING MOTIONS SHOULD BE DENIED ................................... 14

CONCLUSION ................................................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
　17-CV-10085, 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...........................................5, 8, 13

*Barnet v. Elan Corp.*,
　236 F.R.D. 158 (S.D.N.Y. 2005) ...............................................................................5, 10, 12

*Chahal v. Credit Suisse Grp. AG*,
　Nos. 18-CV-2268 et al., 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...............................2, 6

*China Agritech, Inc. v. Resh*,
　584 U.S. 732 (2018) .................................................................................................4, 10

*Dookeran v. Xunlei Ltd.*,
　Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ........................3, 8

*Foley v. Transocean Ltd.*,
　272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................ *passim*

*Genesee County Employees Retirement System v. Kornit Digital Ltd. et al.*,
　No. 2:23-cv-00888 (D.N.J.) .......................................................................................9, 12

*Glauser v. EVCI Ctr. Colleges Holding Corp.*,
　236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................................................9

*Hodges v. Akeena Solar, Inc.*,
　263 F.R.D. 528 (N.D. Cal. 2009)..........................................................................................13

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
　No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017).............5, 10, 11

*In re Braskem S.A. Sec. Litig.*,
　Nos. 15 CIV. 5132 PAE *et al.*, 2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015) ..........................9

*In re Cendant Corp. Litig.*,
　264 F.3d 201 (3d Cir. 2001)...................................................................................................10

*In re Doral Fin. Corp. Sec. Litig.*,
　414 F. Supp. 2d 398 (S.D.N.Y. 2006).....................................................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ........................................................................................14

*In re Orion Sec. Litig.*,
    No. 08 CIV. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ................................3, 8

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 112 (S.D.N.Y. 2010) .....................................................................................3, 8

*Juliar v. Sunopta Inc.*,
    Nos. 08 CIV. 1070 (PAC) *et al.*, 2009 WL 1955237 (S.D.N.Y. Jan. 30, 2009) .................4, 10

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................5, 8, 13

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ......................................................................................13

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)....................................................2, 6

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
    No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ..............................................11

*Micholle v. Ophthotech Corp.*,
    Nos. 17-CV-1758 (VSB) *et al.*, 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ......................9

*Peters v. Jinkosolar Holding Co.*,
    No. 11 CIV. 7133 JPO, 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012)................................5, 12

*Reimer v. Ambac Financial Group, Inc.*,
    Nos. 08 Civ. 411(NRB) *et al.*, 2008 WL 2073931 (S.D.N.Y. May 9, 2008) ....................4, 10

*Sabbagh v. Cell Therapeutics, Inc.*,
    No. C10-414MJP, 2010 WL 3064427 (W.D. Wash. Aug. 2, 2010)......................................12

*Steinberg v. OPKO Health, Inc. et al.*,
    No. 1:18-cv-23786 (S.D. Fla.) ........................................................................................9, 12

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
    No. CIV.A. 13-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ...................................5, 11

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .....................................................................................4, 10

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................ *passim*

iii

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ........................................................................................... *passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369, at 34 (1995)........................................................................3, 9

Lead Plaintiff Movants the Amitim Funds[1] and Hachshara respectfully submit this memorandum of law in further support of their motion for consolidation of the Related Actions, appointment as Co-Lead Plaintiffs, and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 30); and in opposition to the competing motions of: (i) Isadore and Ada Fisher (the "Fishers") (Dkt. No. 14); (ii) Lucid Alternative Fund, LP ("LAF") (Dkt. No. 20); and (iii) Dean Clayton ("Clayton") (Dkt. No. 21).[2]

## PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in SolarEdge securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant or group of movants with the greatest financial interest in the outcome of the Related Actions; and that satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, those movants are the Amitim Funds and Hachshara, who incurred a collective loss of approximately $8,710,063 calculated on a FIFO basis, or $6,146,749 calculated on a LIFO basis, in connection with their Class Period purchases of SolarEdge securities.  *See* Dkt. No. 34-1 at *2.  Although the PSLRA does not define "financial interest," courts in the Second Circuit, including this District, routinely assess the financial interest of lead plaintiff movants by examining the so-

---

[1] All capitalized terms herein are defined in the Amitim Funds and Hachshara's moving brief (Dkt. No. 33), unless otherwise indicated.

[2] Initially, two other putative Class members, Ananda Investments, LLC ("Ananda") and Jan-Willem ter Meulen ("Meulen"), filed similar competing motions.  *See* Dkt. Nos. 17, 32.  On January 5, 2024, Ananda filed a notice of its non-opposition to the competing motions, stating that "it appears that . . . [Ananda] does not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA."  Dkt. No. 39.  On January 17, 2024, Meulen likewise filed a notice of his non-opposition to the competing motions, stating that he "does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA."  Dkt. No. 40.

called *Lax* factors, first articulated in the seminal decision in *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *see Chahal v. Credit Suisse Grp. AG*, Nos. 18-CV-2268 *et al.*, 2018 WL 3093965, at *1 (S.D.N.Y. June 21, 2018); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127-28 (S.D.N.Y. 2011).  Of the *Lax* factors, courts in the Second Circuit, including this District specifically, recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *Chahal*, 2018 WL 3093965, at *1; *Foley*, 272 F.R.D. at 128.  The table below sets forth the respective financial interests of the competing movants:

| Movant | Shares Purchased | Shares Retained | Funds Expended | FIFO Loss | LIFO Loss |
|---|---|---|---|---|---|
| The Amitim Funds and Hachshara | 99,006 | 68,458 | $19,702,655 | $8,710,063 | $6,146,749 |
| Clayton | 34,500 | 10,000 | $9,225,980 | $1,180,538 | $958,684 |
| LAF | *Stock:* 23,214 *Options:* 758 | *Stock:* 8,350 *Options:* (70) | $5,764,302 | $736,101 | $736,101 |
| The Fishers | 1,649 | 1,649 | $272,376 | $146,195 | $146,195 |

As the above table reflects, the Amitim Funds and Hachshara's loss is millions of dollars larger than those incurred by all competing movants ($2.06 million calculated on a FIFO basis, or $1.84 million calculated on a LIFO basis) ***combined***, regardless of whether the Amitim Funds and Hachshara's loss is calculated on a FIFO ($8.71 million) or LIFO ($6.15 million) basis.  The Amitim Funds and Hachshara also lead with respect to every other *Lax* factor, having purchased more shares (99,006), retained more shares (68,458), and expended more funds ($19,702,655) than all competing movants ***combined***.  Accordingly, among the competing movants, the Amitim Funds and Hachshara clearly possess the greatest financial interest in the outcome of this litigation under

any relevant metric, thus satisfying the first of the PSLRA's statutory criteria for appointment as lead plaintiff.

In addition to their massive financial interest in this litigation, the Amitim Funds and Hachshara strongly satisfy Rule 23's typicality and adequacy requirements. The Amitim Funds and Hachshara's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Orion Sec. Litig.*, No. 08 CIV. 1328 (RJS), 2008 WL 2811358, at \*5 (S.D.N.Y. July 8, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010). In addition, the Amitim Funds and Hachshara's significant financial interest gives them a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, they are aware of no conflict between their interests and those of the Class, and, as discussed in greater detail below, they have selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Foley*, 272 F.R.D. at 131; *Dookeran v. Xunlei Ltd.*, Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348, at \*2-3 (S.D.N.Y. Apr. 12, 2018).

Moreover, the Amitim Funds and Hachshara are sophisticated institutional investors with significant assets under management and, as such, are paradigmatic lead plaintiffs whose appointment would advance the PSLRA's goal of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733. Indeed, as discussed further in Section I.B., *infra*, the Amitim Funds and Hachshara have significant experience serving as lead plaintiffs in prior PSLRA actions and, through their prosecution of these actions, have developed considerable experience and appreciation for a lead plaintiff's responsibilities under the PSLRA, as well as for the benefits

associated with prosecuting these types of cases alongside one or more co-lead plaintiffs. *See* Dkt. No. 34-4 ¶¶ 2-3, 5.

In addition, as a small and cohesive group of likeminded institutional investors, the Amitim Funds (four related Israel-based pension funds operated by Amitim Investment House, a unified organization) and Hachshara, both of which incurred significant losses in connection with the alleged fraud, constitute exactly the kind of small and cohesive group that the PSLRA expressly permits and courts in the Second Circuit routinely appoint to serve as lead plaintiffs in securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person ***or group*** of persons that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.)); *China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups[.]"); *Juliar v. Sunopta Inc.*, Nos. 08 CIV. 1070 (PAC) *et al.*, 2009 WL 1955237, at *1-2 (S.D.N.Y. Jan. 30, 2009) (appointing lead plaintiff movant group of two institutional investors); *Reimer v. Ambac Financial Group, Inc.*, Nos. 08 Civ. 411(NRB) *et al.*, 2008 WL 2073931, at *3-4 (S.D.N.Y. May 9, 2008) (appointing lead plaintiff movant group of three institutional investors); *see also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding group of seven was "presumptively the most adequate plaintiff").

The Amitim Funds and Hachshara have further demonstrated their adequacy by submitting with their motion papers a detailed Joint Declaration, attesting to, *inter alia*, their respective backgrounds, their understanding of this litigation generally and the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, a meaningful explanation of their reasons for seeking appointment jointly as Co-Lead Plaintiffs, their communications with each other prior to the filing of their motion, including their

attendance on a conference call to discuss this litigation and their strategy for working together, and their readiness to collaboratively shoulder the responsibilities of lead plaintiffs under the PSLRA, including by overseeing the efforts of counsel. *See generally* Dkt. No. 34-4. Courts routinely appoint more than one investor as co-lead plaintiffs under such circumstances. *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *7-9, *12 (E.D. Pa. Apr. 10, 2014). This is especially true where, as here, the members of the group—the Amitim Funds and Hachshara—each individually incurred a larger loss than any competing movant, thereby obviating any concern that the group aggregated their losses purely to meet the PSLRA's "largest financial interest" criterion. *See, e.g.*, *Peters v. Jinkosolar Holding Co.*, No. 11 CIV. 7133 JPO, 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 161-63 (S.D.N.Y. 2005).

Accordingly, for the reasons set forth herein, the Amitim Funds and Hachshara respectfully submit that the Court should grant their motion in its entirety and deny the competing motions of Clayton, LAF, and the Fishers.

## ARGUMENT

### I. THE COURT SHOULD APPOINT THE AMITIM FUNDS AND HACHSHARA AS CO-LEAD PLAINTIFFS

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. *See Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 WL 1634872, at *3-4 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once

this presumption is triggered, it may be rebutted only upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate class representatives are the Amitim Funds and Hachshara.

### A.    The Amitim Funds and Hachshara Have the Largest Financial Interest of Any Competing Movant

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii). The PSLRA does not prescribe a particular method of calculating the size of a movant's financial interest in the relief sought by the class. *See id.* § 78u-4(a)(3)(B)(iii)(I)(bb). However, courts in the Second Circuit, including this District, routinely assess the financial interest of lead plaintiff movants by examining the four *Lax* factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Lax*, 1997 WL 461036, at *5; *see Chahal*, 2018 WL 3093965, at *1 ("In deciding which proposed lead plaintiff has 'the largest financial interest in the relief sought by the class,' courts in this district tend to consider four criteria, known as the *Lax* factors[.]"); *Foley*, 272 F.R.D. at 127–28 ("[C]ourts in this Circuit have applied a four factor test first set forth in *Lax*[.]"). Of the *Lax* factors, courts in the Second Circuit, including this District specifically, recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Chahal*, 2018 WL 3093965, at *1 ("Courts generally find the fourth factor [*i.e.*, loss] to be the most compelling."); *Foley*, 272 F.R.D. at 128 ("Although courts have differed on how much weight to assign to each of the *Lax* factors, we, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.").

6

Under the foregoing analysis, no competing movant seeking appointment as lead plaintiff in this litigation has a larger financial interest than the Amitim Funds and Hachshara.  As the chart at p. 2 reflects, the Amitim Funds and Hachshara incurred a collective loss of approximately $8.71 million calculated on a FIFO basis, or $6.15 million calculated on a LIFO basis, as a result of the fraud alleged in this litigation.  *See* Dkt. No. 34-1 at *2.  These losses are millions of dollars larger than those of all the competing movants ($2.06 million calculated on a FIFO basis, or $1.84 million calculated on a LIFO basis) ***combined***.  Indeed, Hachshara ***alone*** incurred a loss of approximately $5.17 million calculated on a FIFO basis, or $2.6 million calculated on a LIFO basis.  *See id.* Likewise, the Amitim Funds ***alone*** incurred a loss of approximately $3.54 million calculated on either a FIFO or LIFO basis.  *See id.*  Accordingly, the Amitim Funds and Hachshara each ***individually*** claim a larger loss than those incurred by all the competing movants ***combined***.

Moreover, the Amitim Funds and Hachshara lead the field of competing movants with respect to ***all*** *Lax* factors, not merely monetary loss.  The Amitim Funds and Hachshara collectively purchased 99,006 SolarEdge shares during the Class Period, expended over $19.7 million on their purchases of SolarEdge securities during the Class Period, and retained 68,458 of their SolarEdge shares at the end of the Class Period, far more than any competing movant or, indeed, even all competing movants ***combined***.[3]  *See id.*  Accordingly, ***every*** *Lax* factor demonstrates that the Amitim Funds and Hachshara have the largest financial interest in this litigation.

---

[3] As the chart at p. 2 reflects, LAF purchased 758 SolarEdge options contracts during the Class Period in addition to 23,214 SolarEdge shares, with 828 options sold during the Class Period.  Even when accounting for the 12,900 SolarEdge shares that LAF acquired during the Class Period from these options contracts, the Amitim Funds and Hachshara still collectively purchased and retained more SolarEdge shares than all competing movants combined.

**B.      The Amitim Funds and Hachshara Satisfy the Requirements of Rule 23**

In addition to possessing the greatest financial interest in the outcome of this litigation, the Amitim Funds and Hachshara have also made the requisite *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23.  *Aude*, 2018 WL 1634872, at \*3; *Kaplan*, 240 F.R.D. at 94.

First, the Amitim Funds and Hachshara's claims in this litigation satisfy the typicality requirement of Rule 23(a)(3) because their claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See Orion*, 2008 WL 2811358, at \*5; *Janbay*, 272 F.R.D. at 120.  The Amitim Funds and Hachshara, like other Class members, purchased SolarEdge securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23.  *See Orion*, 2008 WL 2811358, at \*5; *Janbay*, 272 F.R.D. at 120.

Second, the Amitim Funds and Hachshara satisfy the adequacy requirement of Rule 23(a)(4) because their significant financial interest give them a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, they are aware of no conflict between their interests and those of the Class, and, as discussed in greater detail below, they have selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class.  *Foley*, 272 F.R.D. at 131; *Dookeran*, 2018 WL 1779348, at \*2-3.

Indeed, as sophisticated institutional investors, the Amitim Funds and Hachshara's appointment would be consistent with the PSLRA's preference for the appointment of institutional

8

investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Courts strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 n.8 (S.D.N.Y. 2006) (appointing as lead plaintiff a "large institutional investor . . . precisely the type of plaintiff envisioned under the PSLRA"); *Glauser v. EVCI Ctr. Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("'[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.'" (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005))); *Micholle v. Ophthotech Corp.*, Nos. 17-CV-1758 (VSB) *et al.*, 2018 WL 1307285, at *6 (S.D.N.Y. Mar. 13, 2018) ("[C]ourts have a preference for appointing institutional investors as lead plaintiffs."); *In re Braskem S.A. Sec. Litig.*, Nos. 15 CIV. 5132 PAE *et al.*, 2015 WL 5244735, at *5 (S.D.N.Y. Sept. 8, 2015) (appointing as lead plaintiff "an institutional investor, the type of investor Congress prefers as lead plaintiff").

In addition, the Amitim Funds and Hachshara have significant experience serving as lead plaintiffs in prior PSLRA actions. In particular, the Amitim Funds have previously served as lead plaintiffs in the PSLRA action *Steinberg v. OPKO Health, Inc. et al.*, No. 1:18-cv-23786 (S.D. Fla.) ("*OPKO Health*"), wherein they successfully secured a $16.5 million settlement on behalf of a class of investors in OPKO Health, Inc. securities, whereas Hachshara is currently serving as a co-lead plaintiff alongside other institutional investors in the PSLRA action *Genesee County Employees Retirement System v. Kornit Digital Ltd. et al.*, No. 2:23-cv-00888 (D.N.J.) ("*Kornit*"). Through their prosecution of these actions, the Amitim Funds and Hachshara have not only

9

developed considerable experience and appreciation for a lead plaintiff's responsibilities under the

PSLRA, they have also developed significant experience, as well as appreciation for the benefits

associated with, prosecuting these types of cases alongside one or more co-lead plaintiffs. *See*

Dkt. No. 34-4 ¶¶ 2-3, 5.

Further, the Amitim Funds and Hachshara are a small and cohesive group of likeminded

institutional investors. They therefore constitute an appropriate group of the type expressly

permitted by the PSLRA and routinely appointed to serve as lead plaintiffs in PSLRA actions,

including cases in the Second Circuit, this District specifically, and around the country. *See* 15

U.S.C. § 78u–4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person ***or group*** of persons

that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.));

*Weltz*, 199 F.R.D. at 133 ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is

allowable under the PSLRA" and finding group of seven was "presumptively the most adequate

plaintiff"); *Barnet*, 236 F.R.D. at 161-63 (holding "there can be no doubt" the PSLRA permits

appointment of groups, finding "that six members is not too unwieldy a number to effectively

manage the litigation", and appointing group of six as lead plaintiffs); *Juliar*, 2009 WL 1955237,

at *1-2 (appointing lead plaintiff movant group of two institutional investors); *Reimer*, 2008 WL

2073931, at *3-4 (appointing lead plaintiff movant group of three institutional investors); *Blue

Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors as lead plaintiff);

*In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a

'group of persons' to serve as lead plaintiff." (citation omitted)). Indeed, in *China Agritech*, the

Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that

"[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups". 584 U.S. at 742 n.3.

More recently, in *In re Mersho*, the Ninth Circuit Court of Appeals likewise held that "the

10

[PSLRA] expressly allows a 'group of persons' to move for appointment" as lead plaintiff.  6 F.4th 891, 899 (9th Cir. 2021).

Moreover, courts in the Second Circuit and around the country routinely find movant groups to be adequate where, as here, they have robustly demonstrated their cohesiveness via a detailed Joint Declaration.  *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding the group is not "so large as to be unwieldly and impracticable"); *DFC*, 2014 WL 1395059, at *7-9, *12 (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").  Here, the Amitim Funds and Hachshara have submitted a detailed Joint Declaration—executed by Nir Gavish, Chief Investment Officer, and Sivan Chemetz Bar, Head of Investments Accounting Unit, for the Amitim Funds, and executed by Shimon Meron, Chief Executive Officer, and Roi Kadosh, Investment Manager, for Hachshara—in which they:

- Provide detailed information about themselves, including their respective backgrounds as sophisticated Israeli institutional investors, the location of their respective offices, and their prior experience serving as lead plaintiff or co-lead plaintiffs in prior PSLRA actions (*see* Dkt. No. 34-4 ¶¶ 2-3, 5);

- Explain their reasons for seeking appointment jointly as Co-Lead Plaintiffs (*id.* ¶¶ 4-5) ("The Amitim Funds and Hachshara believe that the securities class action against SolarEdge is meritorious and should be led by dedicated and sophisticated institutional investors that are committed to maximizing the recovery on behalf of the class. Moreover, the Amitim Funds and Hachshara recognize that they are like-minded institutional investors that suffered substantial losses in their investments in SolarEdge securities.  It is for these reasons that the Amitim Funds and Hachshara decided to seek joint appointment as Lead Plaintiffs in the action . . . . The decision to jointly move for appointment as Lead Plaintiffs was also informed by the Amitim Funds' and

11

Hachshara's prior experience in securities litigation matters. The Amitim Funds and Hachshara have highly relevant experience serving as lead plaintiffs under the PSLRA in the *OPKO Health* and *Kornit* litigations, respectively, with the Amitim Funds having served together as Lead Plaintiffs in *OPKO Health* and Hachshara having served as part of a lead plaintiff group with other institutional investors in *Kornit*. Based on these experiences, the Amitim Funds and Hachshara believe that such partnerships can benefit investors.");

- Attest in detail to their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA and their readiness to undertake those responsibilities (*id.* ¶¶ 1, 5-7); and

- Attest to their communications with one another prior to the filing of their motion (*id.* ¶ 6) ("As part of the efforts of the Amitim Funds and Hachshara to formalize the leadership of this action and to demonstrate their commitment to jointly prosecuting the action, representatives of the Amitim Funds and Hachshara participated in a conference call to discuss, among other things: the strength of the claims against Defendants; a strategy for prosecuting these actions; the benefits that the class would receive from the leadership of a coordinated group of institutional investors with prior experience serving as Lead Plaintiff under the PSLRA; the shared desire of the Amitim Funds and Hachshara to achieve the best possible result for the class; the interests in prosecuting the case in a collaborative, likeminded manner; and the actions each entity will take to continue to ensure that the class's claims will be zealously and efficiently litigated.").

In addition, the appointment of investor groups as co-lead plaintiffs is particularly appropriate where, as here, the members of the group—the Amitim Funds and Hachshara—each individually incurred a larger loss than all competing movants, thereby obviating any concern that the group aggregated their losses purely to meet the PSLRA's "largest financial interest" criterion. *See, e.g.*, *Peters*, 2012 WL 946875, at *9 (appointing group of four investors "where the group comprises the class members with, far and away, the largest financial interest of any individual or group"); *Barnet*, 236 F.R.D. at 162 ("Neither is there any evidence that the Institutional Investor Group was formed in bad faith. Indeed, even were the Court to deconstruct the Group, two of its individual members would still have the 'largest financial interest' pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(iii)."); *Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 WL 3064427, at *7 (W.D. Wash. Aug. 2, 2010) ("The Court's confidence . . . is further bolstered by the fact that it

does not appear that this group was assembled merely for the purpose of aggregating their losses in order to surpass the financial interests of any of the other applicants. In actuality, two of the members . . . have *individual losses* . . . which exceed the financial interests of all other applicants[.]" (emphasis in original)); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) ("[I]t is not necessary for the members of the [movant group] to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself.").

Accordingly, for all the foregoing reasons, the Amitim Funds and Hachshara have plainly made a *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at \*3; *Kaplan*, 240 F.R.D. at 94.

\* \* \* \*

Because the Amitim Funds and Hachshara have the largest financial interest in the relief sought by the Class and otherwise satisfy the applicable requirements of Rule 23, they are the presumptive "most adequate" plaintiffs of the Class within the meaning of the PSLRA.  To overcome the strong presumption entitling the Amitim Funds and Hachshara to appointment as Co-Lead Plaintiffs, the PSLRA requires *"**proof**"* that they are inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiffs' choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383

13

(S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Amitim Funds and Hachshara have selected and retained Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 34-5. Thus, the Court may be assured that by approving the Amitim Funds and Hachshara's selection of counsel, the members of the Class will receive the best legal representation available.

## III.   THE COMPETING MOTIONS SHOULD BE DENIED

As discussed further in Section I.A., *supra*, no competing movant has alleged a larger financial interest in this litigation than the Amitim Funds and Hachshara. The only competing movants for appointment as Lead Plaintiff are Clayton, LAF, and the Fishers, whose **collective** losses, funds expended, and number of shares purchased and retained during the Class Period are dwarfed by those claimed by the Amitim Funds and Hachshara, as illustrated by the chart at p. 2. The Amitim Funds and Hachshara therefore dominate **all four** *Lax* factors. Accordingly, the Amitim Funds and Hachshara have the largest financial interest in this litigation. This fact alone mandates denial of the competing motions.

**CONCLUSION**

For the foregoing reasons, the Amitim Funds and Hachshara respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Amitim Funds and Hachshara as Co-Lead Plaintiffs for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

14

Dated: January 18, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Orly Guy
Eitan Lavie
HaShahar Tower
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Mivtachim The Workers Social
Insurance Fund Ltd., Keren Hgimlaot
Hmerkazit Histadrut Central Pension Fund Ltd.,
Kerren Makefet Pension and Provident Center
Cooperative Society Ltd., The Hadassah
Workers Pension Fund Ltd., and Hachshara
Insurance Company Ltd. and Proposed Lead
Counsel for the Class*

15