May 15, 2025

**Via ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007
(212) 805-0296

Re: *In re SolarEdge Technologies, Inc. Securities Litigation*, No. 1:23-cv-09748-GHW

The parties[1] to this action, through their respective counsel, write pursuant to the Court's May 7, 2025 Order (the "Order") directing the parties to submit, by May 16, 2025, a joint letter to advise the Court on the status of this action. *See* ECF No. 83. The parties advise as follows:

1) **A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

Plaintiffs' Statement

Plaintiffs allege that, between February 13, 2023 and October 19, 2023, inclusive (the "Class Period") Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder by knowingly or recklessly misrepresenting, among other things, (i) the drivers of SolarEdge's financial performance, (ii) the reasons for the Company's ballooning inventory, (iii) that inventory levels at the Company's distributors were low or did not reflect declining demand, (iv) that demand for SolarEdge's products in Europe remained strong, and (v) the Company's forecasts were inflated and/or not based on market reports or SolarEdge's own internal data. On April 6, 2024, this Court held that Plaintiffs' First Amended Complaint (ECF No. 55 ("FAC")) "adequately pleaded that Defendants knowingly misrepresented inventory levels at SolarEdge's distributors," and dismissed Plaintiffs' other claims without prejudice. *See In re SolarEdge Techs., Inc. Sec. Litig.*, 2024 WL 4979296, at *1 (S.D.N.Y. Dec. 4, 2024). On January 3, 2024, Plaintiffs filed the SAC, which reasserted the sustained claims from

---

[1] The parties are Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd., and Named Plaintiff Javier Alcides Cascallar (collectively, "Plaintiffs") and SolarEdge Technologies, Inc. ("SolarEdge" or the "Company"), Zvi Lando ("Lando"), the Company's former Chief Executive Officer ("CEO"), Ronen Faier ("Faier"), the Company's former Chief Financial Officer ("CFO"), Lior Danziger, the Company's former Director of Investor Relations and Finance Operations, and J.B. Lowe, the Company's Head of Investor Relations (collectively, "Defendants").

May 15, 2025

Page 2

the FAC and realleged the FAC's dismissed claims with additional allegations. *See* ECF No. 72. On April 6, 2024, this Court held that, in addition to sufficiently pleading that Defendants knowingly misrepresented inventory levels at SolarEdge's distributors, the SAC "plausibly pleaded that Defendants' statements regarding 'strong' demand in Europe were false," and made knowingly or recklessly. *See In re SolarEdge Techs., Inc. Sec. Litig.*, 2025 WL 1031154, at *8, 12 (S.D.N.Y. Apr. 6, 2025).

To succeed on a dispositive motion, defeat any dispositive motion by Defendants, and/or succeed at trial, Plaintiffs must prove that Defendants knowingly or recklessly made materially false and misleading statements concerning "low" inventory levels and demand in Europe, and that those misstatements caused Plaintiffs' and members of the Proposed Class's (as defined below) losses. In addition, Plaintiffs must obtain class certification pursuant to Fed. R. Civ. P. 23 ("Rule 23").

Defendants' Statement

As noted in Plaintiffs' Statement, Plaintiffs allege that, between February 13, 2023, and October 19, 2023, inclusive (the "Purported Class Period") Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder by knowingly or recklessly misrepresenting, among other things: (1) statements discussing SolarEdge's revenue; (2) statements offering explanations for the increase in inventory levels; (3) statements characterizing inventory levels as "low"; (4) statements regarding the strength of demand in Europe; and (5) statements regarding sell-through data.

On December 4, 2024, this Court dismissed all claims related to categories (1), (2), (4), and (5). On January 3, 2024, Plaintiffs filed their Second Amended Complaint ("SAC"). *See* ECF No. 71. On February 10, 2025, Defendants moved to dismiss the SAC for failure to state a claim and this Court ruled on Defendants' motion on April 6, 2025. The Court held that the Second Amended Complaint did not revive Plaintiffs' dismissed claims concerning category (1) and (5) statements. *See In re SolarEdge Techs., Inc. Sec. Litig.*, 2025 WL 1031154, at *15, 18 (S.D.N.Y. Apr. 6, 2025). While the Court ruled that Plaintiffs adequately pleaded material misstatements for categories (2), (3), and (4)—reviving Plaintiffs' claims concerning demand in Europe—this Court held that Plaintiffs have again failed to plead scienter with respect to category (2) statements. With respect to one statement in category (4) (SAC ¶ 169), the Court held that the statement was forward-looking and therefore protected by the PSLRA's safe harbor. *Id.* at *24. Plaintiffs chose not to file a third amended complaint to cure these deficiencies.

Plaintiffs must obtain class certification pursuant to Fed. R. Civ. P. 23 ("Rule 23"). Defendants do not believe that Plaintiffs will succeed in certifying the Proposed Class (*see* Question 3).

To the extent the Proposed Class is certified and the case proceeds to merits, Plaintiffs must prove, among other things, "[1] a material misrepresentation or omission by the defendant and [2] the plaintiff's reliance on that misrepresentation or omission." *Goldman Sachs Grp. v. Ark. Teacher Ret. Sys.*, 594 U.S. 113, 118 (2021). Plaintiffs will be unable to prove that Defendants made a material misstatement or omission, or that Plaintiffs relied on Defendants' alleged misrepresentations concerning low inventory levels or demand in Europe. Furthermore, Plaintiffs

May 15, 2025
Page 3

will be unable to show that Defendants' conduct resulted in any economic loss, or that Defendants caused these alleged losses.

**2) A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction.**

Plaintiffs' Statement

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiffs' claims arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) because substantial acts in furtherance of the alleged fraud and/or the effects of the fraud occurred in this district, including dissemination of materially false and/or misleading information. In addition, SolarEdge's common stock trades on the NASDAQ Global Select Market ("NASDAQ"), which is located in this district.

Defendants' Statement

Defendants do not dispute that this Court currently has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiffs' claims arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  Defendants, however, do not waive any arguments or defenses with respect to this Court's subject matter jurisdiction and preserve the right to move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

Defendants do not dispute that venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).

**3) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference.**

Plaintiffs' Statement

Plaintiffs intend to move to certify a class of all persons or entities, excluding Defendants and certain related parties, who or which, during the Class Period, purchased or otherwise acquired SolarEdge securities and were damaged thereby (the "Proposed Class"). To obtain class certification, Plaintiffs must show that the Proposed Class meets the requirements of Rule 23(a)-(b). Plaintiffs will assert that class certification is appropriate under Rule 23(a) because (i) there are thousands of potential class members, and thus the Proposed Class is so numerous that joinder is impractical; (ii) questions of law and fact, *i.e.*, the elements of claims under Section 10(b) and Rule 10b-5 and the support facts alleged in Plaintiffs' complaints, are common to the class;

(iii) Plaintiffs' securities fraud claims arise out of the purchase of SolarEdge stock during the Class Period, like all other Proposed Class Members' claims, and thus are typical of the Proposed Class; (iv) Plaintiffs will fairly and adequately protect the interests of the Proposed Class, based on, among other things, the lack of any conflict of interest, the size of their investment in SolarEdge, their participation in litigating this action, and their retention of competent counsel; and (v) Plaintiffs are entitled to the "fraud-on-the-market" presumption and/or presumption of reliance under Affiliated Ute because, among other things, SolarEdge's stock traded in an efficient market and the sharp decline in stock price upon corrective disclosures demonstrates price impact. *See generally In re Synchrony Fin. Sec. Litig.*, 2023 WL 1503032 (D. Conn. Feb. 3, 2023)

Defendants' Statement

Class certification requires a "rigorous analysis" of Rule 23's prerequisites, which plaintiffs must prove by a preponderance of the evidence. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). To be certified as a class action, the Proposed Class must satisfy *all* of the requirements of Rule 23(a). Rule 23(a) provides that a named party may sue on behalf of similarly situated individuals if: (1) the class is so numerous that joinder of all putative class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the putative class ("commonality"); (3) the claims or defenses of the named party are typical of the claims or defenses of the putative class members ("typicality"); and (4) the named party will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a).

Plaintiffs intend to invoke the presumption of class-wide reliance under *Basic v. Levinson*, 485 U.S. 224 (1988) in order to satisfy Rule 23(b)(3)'s requirement that class-wide issues predominate in this case. Defendants will argue that the *Basic* and/or *Affiliated Ute* presumptions do not apply to Plaintiffs' claims. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) (evidence "defeat[ed] the [*Basic*] presumption at the class certification stage"). Defendants intend to challenge the Proposed Class on other grounds, including, but not limited to, additional challenges to commonality and typicality.

4) **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1)).**

Plaintiffs' Statement:

No discovery has taken place. Plaintiffs anticipate introducing documentary evidence, testimony, and expert evidence to support their claims and overcome defenses asserted by Defendants. Documentary evidence is likely to consist of SolarEdge business records and email, voice, text, and instant message communications among Defendants and SolarEdge employees. Testimonial evidence is likely to consist of testimony from Defendants, current or former employees of Defendants, SolarEdge customers, and experts.

May 15, 2025

Page 5

Defendants' Statement

Due to the fact that discovery was stayed through the Court's ruling on Defendants' Motion to Dismiss the SAC, discovery has not yet started. Defendants anticipate introducing documentary evidence, testimony, and expert evidence to support their defenses, including, but not limited to, expert evidence related to class certification, market efficiency, price impact, damages, solar power sales and installation, and market demand for solar energy, in addition to documentary evidence and testimony related to the investment history and background information of all named plaintiffs.

5) **A computation of each category of damages claimed,** *see* **Fed. R. Civ. P. 26(a)(1)(A)(iii).**

Plaintiffs' Statement

Plaintiffs have retained an expert to perform a damages analysis for their claims. Although Plaintiffs are not able to proffer an estimate of damages at this time, approximately 30-40 million shares were affected by Defendants' alleged fraud, and SolarEdge's share price declined $43.96 per share, or 18.3%, and $31.08 per share, or 27.2%, respectively, as the truth regarding Defendants' allegedly false statements emerged. Although the full price declines may not be solely attributable to Defendants' alleged fraud, these amounts suggest substantial class-wide damages.

Defendants' Statement

Defendants do not believe that Plaintiffs suffered any damages as a result of any action or statement of any Defendant. Plaintiffs will be unable to prove that SolarEdge's share price declined as a result of any alleged misstatement or omission. Accordingly, Plaintiffs will be unable to prove any damages.

6) **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

Parties' Statement

The parties have not engaged in settlement discussions. If the parties ultimately engage in such discussions, the parties anticipate engaging a private mediator.

7) **Any other information the parties believe may assist the Court in resolving the action.**

Parties' Statement

The parties do not have any additional information for the Court at this time.

{00663425;3 }

May 15, 2025

Page 6

Respectfully submitted,

| **POMERANTZ LLP** | **GIBSON, DUNN & CRUTCHER LLP** |
|---|---|
| By: */s/ Brian Calandra* <br> Brian Calandra <br> Jeremy A. Lieberman <br> 600 Third Avenue, 20th Floor <br> New York, New York 10016 <br> Telephone: (212) 661-1100 <br> Facsimile: (917) 463-1044 <br> bcalandra@pomlaw.com <br> jalieberman@pomlaw.com <br><br> *Attorneys for Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd.; Named Plaintiff Javier Alcides Cascallar; and the Class* | By: */s/ Christopher D. Belelieu* <br> Christopher D. Belelieu <br> Nathan C. Strauss <br> Bethany J. Saul <br> 200 Park Avenue <br> New York, New York 10166-0193 <br> Telephone: (212) 351-4000 <br> Facsimile: (212) 351-4035 <br> cbelelieu@gibsondunn.com <br> nstrauss@gibsondunn.com <br> bsaul@gibsondunn.com <br><br> *Attorneys for Defendants* |