**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:23-cv-09748-GHW |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | |

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants SolarEdge Technologies, Inc. ("SolarEdge" or the "Company"), Zvi Lando, Ronen Faier, Lior Danziger, and J.B. Lowe (the "Individual Defendants," and together with SolarEdge, "Defendants"), by and through their undersigned counsel, upon knowledge as to their own actions and upon information and belief as to all other matters, hereby answer Plaintiffs'[1] Second Amended Complaint and state as follows:

**GENERAL DENIAL & RESERVATION OF RIGHTS**

Except as herein specifically and expressed admitted, each and every allegation in the Second Amended Complaint is expressly denied. Any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Second Amended Complaint as a whole.

---

[1] The court-appointed lead plaintiffs in this matter are (i) Mivtachim the Workers Social Insurance Fund Ltd., (ii) Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., (iii) Kerren Makefet Pension and Provident Center Cooperative Society Ltd., (iv) the Hadassah Workers Pension Fund Ltd., and (v) Hachshara Insurance Company Ltd.

Defendants deny any allegations contained in headings, footnotes, or unnumbered paragraphs in the Second Amended Complaint. Defendants further deny that Plaintiffs are entitled to any of their requested relief or any other relief whatsoever. Defendants reserve the right to amend or supplement this Answer, including their affirmative defenses. In submitting this Answer, Defendants expressly preserve and do not waive any applicable rights, defenses, or objections. Unless expressly stated herein, nothing in this Answer should be construed as an admission regarding the existence of any facts set forth in the Second Amended Complaint. Defendants make no representations, concessions, or admissions regarding the relevance or admissibility of any facts set forth in the Second Amended Complaint. Defendants further reserve all rights to amend and supplement their Answer as information becomes available and as may be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Second Amended Complaint. Incorporating the foregoing General Denial and Reservation of Rights, Defendants state as follows in response to the specific allegations set forth in the Second Amended Complaint:

## I. NATURE OF THE ACTION

1. The allegations in Paragraph 1 constitute conclusions of law to which no response is required. Furthermore, Paragraph 1 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. Defendants admit that SolarEdge manufactures, markets, and sells solar power systems, including inverter solutions for solar photovoltaic ("PV") power systems, and that SolarEdge sells these products worldwide through distributors and wholesalers. Defendants otherwise deny the allegations in Paragraph 2.

3.    Paragraph 3 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on March 13, 2023, Danziger attended the 35th Annual ROTH Conference ("ROTH Conference"), and on September 21, 2023, Lowe attended KeyBanc Capital Markets Inc.'s Energy Transition Symposium ("KeyBanc Symposium").  To the extent the allegations in Paragraph 3 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcripts of investor conferences, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 3 unless expressly admitted.

4.    Paragraph 4 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5.    Paragraph 5 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6.    Paragraph 6 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 6 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents.

To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.      Paragraph 7 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  Further, the allegations in Paragraph 7 constitute conclusions of law to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8.      Paragraph 8 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 8.

9.      Defendants admit that on February 13, 2023, the Company held its 2022 Q4 Earnings Call ("2022 Q4 Earnings Call").  To the extent the allegations in Paragraph 9 describe the contents of, or otherwise characterize, the transcript of the Company's 2022 Q4 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 9 unless expressly admitted.

10.      Defendants admit that on May 3, 2023, the Company held its 2023 Q1 Earnings Call ("2023 Q1 Earnings Call").  To the extent the allegations in Paragraph 10 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 10 unless expressly admitted.

11.     To the extent the allegations in Paragraph 11 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 11.

12.     Defendants admit that on June 21, 2023, Danziger attended the JPMorgan Energy, Power, and Renewables Conference ("JPM Conference").  To the extent the allegations in Paragraph 12 describe the contents of, or otherwise characterize, the transcript of the JPM Conference, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 12 unless expressly admitted.

13.     Paragraph 13 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call ("2023 Q2 Earnings Call"). To the extent the allegations in Paragraph 13 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 13 unless expressly admitted.

14.     Paragraph 14 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 14 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 14 unless expressly admitted.

15.     Paragraph 15 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit

that Faier attended the 2023 Q2 Earnings Call. To the extent the allegations in Paragraph 15 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 15 unless expressly admitted.

16. Defendants deny the allegations in the first sentence of Paragraph 16. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the second sentence of Paragraph 16.

17. Paragraph 17 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants admit that on September 21, 2023, Lowe attended the KeyBanc Symposium. To the extent the allegations in Paragraph 17 describe the contents of, or otherwise characterize, the transcript of the KeyBanc Symposium, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 17 unless expressly admitted.

18. Defendants admit that the Company issued a press release on October 19, 2023. To the extent the allegations in Paragraph 18 describe the contents of, or otherwise characterize, the Company's October 19, 2023 press release, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 18 unless expressly admitted.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the second sentence of Paragraph 19. Defendants otherwise deny the allegations in Paragraph 19.

20. Defendants admit that on November 1, 2023, the Company held its 2023 Q3 Earnings Call ("2023 Q3 Earnings Call"). To the extent the allegations in Paragraph 20 describe

the contents of, or otherwise characterize, the transcript of the Company's 2023 Q3 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 20 unless expressly admitted.

21.     Paragraph 21 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations in Paragraph 21 describe the contents of, or otherwise characterize, the transcripts of the Company's 2023 Q3 Earnings Call or the KeyBanc Symposium, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 21 unless expressly admitted.

22.     Defendants deny the allegations in Paragraph 22.

## II.  JURISDICTION AND VENUE

23.     The allegations in Paragraph 23 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to assert the claims alleged in Paragraph 23.

24.     The allegations in Paragraph 24 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District and otherwise deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

### III.  PARTIES

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27.  To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     Defendants admit the allegations in Paragraph 28.

29.     Defendants admit that Zvi Lando was SolarEdge's Chief Executive Officer ("CEO") from 2019 to 2024.  Defendants otherwise deny the allegations in Paragraph 29.

30.     Defendants admit that Ronen Faier was SolarEdge's Chief Financial Officer ("CFO") from 2011 to 2024.  Defendants otherwise deny the allegations in Paragraph 30.

31.     Defendants admit that Lior Danziger previously served as SolarEdge's Director of Investor Relations and Finance Operations.  Defendants otherwise deny the allegations in Paragraph 31.

32.     Defendants admit that J.B.  Lowe previously served as SolarEdge's Head of Investor Relations and Finance Operations.  Defendants otherwise deny the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 constitute conclusions of law to which no response is required.  Further, Paragraph 33 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34.     Paragraph 34 contains information to which no response is required.  To the extent a response is required, Defendants will refer to SolarEdge and the Individual Defendants collectively as Defendants for purposes of this Answer.

## IV.  CONFIDENTIAL WITNESSES

35.     To the extent the allegations in Paragraph 35 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 36.

37.     To the extent the allegations in Paragraph 37 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 37.

38.     To the extent the allegations in Paragraph 38 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 38.

39.     To the extent the allegations in Paragraph 39 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 39.

40.     To the extent the allegations in Paragraph 40 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge

or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 40.

41.     To the extent the allegations in Paragraph 41 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 41.

42.     To the extent the allegations in Paragraph 42 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 42.

43.     To the extent the allegations in Paragraph 43 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 43.

44.     To the extent the allegations in Paragraph 44 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 45.

46.     To the extent the allegations in Paragraph 46 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 46.

47.     To the extent the allegations in Paragraph 47 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 48.

## V.  SUBSTANTIVE ALLEGATIONS

### B.     Background of SolarEdge

49.     Defendants admit that SolarEdge was founded in 2006.  Defendants further admit that SolarEdge designs, develops, manufactures, and sells solar power systems.  Defendants otherwise deny the allegations in Paragraph 49 unless expressly admitted.

50.     Defendants admit that photovoltaic modules and inverters are both components of photovoltaic systems.  Defendants otherwise deny the allegations in Paragraph 50 unless expressly admitted.

51.     Defendants admit the Company sells DC-optimized inverter systems for solar PV installations, including inverters, power optimizers, a cloud-based monitoring platform, lithium-ion cells, batteries, energy storage solutions, electric vehicle powertrain solutions, and machinery. Defendants also admit the Company's Solar segment designs, develops, manufactures, and sells

inverter solutions, and that other segments within the Company design, develop, and manufacture energy storage products, e-Mobility products, and automated machines. Defendants otherwise deny the allegations in Paragraph 51 unless expressly admitted.

52. Defendants admit that the Company expanded its products and offerings beyond inverters. Defendants otherwise deny the allegations in Paragraph 52 unless expressly admitted.

53. Defendants admit the Company's customers include large distributors, electrical equipment wholesalers, and large installers, some of which sell through the Company's products to end users. Defendants further admit that, with certain exceptions, the Company's products are fully functional at the time of sale and do not require production, modifications, or customization. Defendants otherwise deny the allegations in Paragraph 53 unless expressly admitted.

54. To the extent the allegations in Paragraph 54 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants admit Faier attended the Barclays CEO Energy-Power Conference ("Barclays Conference") on September 6, 2023. Further, to the extent the allegations in Paragraph 54 describe the contents of, or otherwise characterize, the transcript of an investor conference, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 54 unless expressly admitted.

55. Defendants admit the Company discloses in its SEC filings the amount of inventory it holds, broken down by "raw materials," "work in process," and "finished goods." Defendants further admit the Company does not publicly disclose the level of inventory held by its customers. Defendants otherwise deny the allegations in Paragraph 55 unless expressly admitted.

56. To the extent the allegations in Paragraph 56 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 56.

**C.      Importance of Europe Region to SolarEdge**

57. Paragraph 57 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations in Paragraph 57 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 57.

58. Paragraph 58 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations in Paragraph 58 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 58.

59. Paragraph 59 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the first sentence of Paragraph 59. Defendants admit Danziger attended the ROTH Conference on March 13, 2023. To the extent the allegations in Paragraph 59 describe the contents of, or otherwise characterize, the transcript of an investor conference, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 59 unless expressly admitted.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 60. To the extent the allegations in Paragraph 60

purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in paragraph 60.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 61.  To the extent the allegations in Paragraph 61 purport to describe the contents of, or otherwise characterize, analyst reports, comments, or similar materials, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in paragraph 61.

**D.    Defendants Pushed Customers to Take Delivery of Products at the End of Quarters So that the Company Could Meet Sales and Revenue Goals, Which Resulted in Massive Inventory Increases**

62.    Paragraph 62 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 62.

63.    Paragraph 63 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 63.

64.    Paragraph 64 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without

14

knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 64.

65. Paragraph 65 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 65.

66. Paragraph 66 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 66.

67. Paragraph 67 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 67.

68. Paragraph 68 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 68.

69.    Paragraph 69 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 69.

70.    Paragraph 70 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 70.

71.    To the extent the allegations in Paragraph 71 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 71.

72.    Defendants admit that CED Greentech was a customer of the Company.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 72 unless expressly admitted.

73.    Paragraph 73 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without

knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 73.

74. To the extent the allegations in Paragraph 74 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 74.

75. Paragraph 75 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 75.

76. Paragraph 76 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 76.

77. Paragraph 77 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 77.

78. Paragraph 78 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. Defendants admit Lando was Vice President of Sales

before he became CEO.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 78 unless expressly admitted.

79.  Paragraph 79 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 79.

80.  Paragraph 80 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 80.

81.  Paragraph 81 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 81.

82.  Paragraph 82 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without

knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 82.

**Defendants Knew of the Company's Pressure on Customers to Take Products, High Inventory Levels at SolarEdge and Its Distributors, and Decline in Demand in Europe**

83. The allegations in Paragraph 83 constitute conclusions of law to which no response is required. Further, Paragraph 83 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84. Paragraph 84 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants admit Lando was Vice President of Sales before he became CEO. Defendants otherwise deny the allegations in Paragraph 84 unless expressly admitted.

85. Paragraph 85 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 85.

86. Paragraph 86 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 86.

87.     Paragraph 87 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 87.

88.     To the extent the allegations in Paragraph 88 purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses.  Defendants otherwise deny the allegations in Paragraph 88.

89.     Paragraph 89 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 89.

90.     Paragraph 90 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 90.

91.     To the extent the allegations in Paragraph 91 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 91.

92.     To the extent the allegations in Paragraph 92 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 92.

93.     To the extent the allegations in Paragraph 93 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 93.

94.     To the extent the allegations in Paragraph 94 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 94.

95.     To the extent the allegations in Paragraph 95 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 95.

96.     Paragraph 96 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 96 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 96.

97.     Defendants admit that certain SolarEdge employees participated in meetings known as "Quarterly Business Reviews" ("QBRs").  To the extent the allegations in Paragraph 97

21

purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 97 unless expressly admitted.

98. Defendants admit that certain SolarEdge employees participated in meetings known as "Quarterly Business Reviews" ("QBRs"). To the extent the allegations in Paragraph 98 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 98 unless expressly admitted.

99. Defendants admit that certain SolarEdge employees participated in meetings known as "Quarterly Business Reviews" ("QBRs"). To the extent the allegations in Paragraph 99 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 99 unless expressly admitted.

100. Paragraph 100 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent the allegations in Paragraph 100 purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 100.

101. To the extent the allegations in Paragraph 101 purport to quote or summarize comments allegedly made by alleged confidential witnesses, Defendants are without knowledge or information sufficient to identify the alleged confidential witnesses. Defendants otherwise deny the allegations in Paragraph 101.

102.    Paragraph 102 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit on February 13, 2023, the Company held its 2022 Q4 Earnings Call, and that Lando and Faier attended the Company's 2022 Q4 Earnings Call.  To the extent the allegations in Paragraph 102 describe the contents of, or otherwise characterize, the transcript of the Company's 2022 Q4 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 102 unless expressly admitted.

103.    Paragraph 103 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit on August 1, 2023, the Company held its 2023 Q2 Earnings Call, and that Faier attended the Company's 2023 Q2 Earnings Call.  Defendants further admit that Faier attended the August 8, 2023 Oppenheimer 26th Annual Technology, Internet & Communications Conference ("Oppenheimer Conference") and the September 6, 2023 Barclays Conference.  To the extent the allegations in Paragraph 103 describe the contents of, or otherwise characterize, the transcripts of the Company's 2023 Q2 Earnings Call or the investor conferences, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 103 unless expressly admitted.

104.    Paragraph 104 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit on August 1, 2023, the Company held its 2023 Q2 Earnings Call, and that Faier attended the Company's 2023 Q2 Earnings Call.  Defendants further admit that Faier attended the August 8, 2023 Oppenheimer Conference and the September 6, 2023 Barclays Conference.  To the extent the allegations in Paragraph 104 describe the contents of, or otherwise characterize, the transcripts

of the Company's 2023 Q2 Earnings Call or the investor conferences, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 104 unless expressly admitted.

**E.    Defendants Tout to Investors SolarEdge's Performance in Europe and the Increase in the Company's Inventories**

105.    Defendants deny the allegations in Paragraph 105

106.    Defendants admit that on February 13, 2023, the Company held its 2022 Q4 Earnings Call. To the extent the allegations in Paragraph 106 describe the contents of, or otherwise characterize, the transcript of the Company's 2022 Q4 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 106 unless expressly admitted.

107.    Defendants admit that Lando attended the Company's 2022 Q4 Earnings Call. To the extent the allegations in Paragraph 107 describe the contents of, or otherwise characterize, the transcript of the Company's 2022 Q4 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 107 unless expressly admitted.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 108. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109.    Defendants admit that Faier attended the Company's 2022 Q4 Earnings Call. To the extent the allegations in Paragraph 109 describe the contents of, or otherwise characterize, the transcript of the Company's 2022 Q4 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 109 unless expressly admitted.

24

110.     Paragraph 110 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on May 3, 2023, the Company held its 2023 Q1 Earnings Call and that Lando attended the 2023 Q1 Earnings Call.  To the extent the allegations in Paragraph 110 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 110 unless expressly admitted.

111.     Defendants admit that on May 3, 2023, the Company held its 2023 Q1 Earnings Call and that Faier attended the 2023 Q1 Earnings Call.  To the extent the allegations in Paragraph 111 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 111 unless expressly admitted.

112.     Defendants admit that on May 3, 2023, the Company held its 2023 Q1 Earnings Call and that Lando and Faier attended the 2023 Q1 Earnings Call.  To the extent the allegations in Paragraph 112 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 112 unless expressly admitted.

113.     Defendants deny the allegations in Paragraph 113.

114.     Defendants admit Danziger attended the JPM Conference on June 21, 2023.  To the extent the allegations in Paragraph 114 describe the contents of, or otherwise characterize, the transcript of the JPM Conference, Defendants refer the Court to that document for its complete

25

and accurate contents. Defendants otherwise deny the allegations in Paragraph 114 unless expressly admitted.

115. Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call. To the extent the allegations in Paragraph 115 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 115 unless expressly admitted.

116. Paragraph 116 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants admit that Lando and Faier attended the 2023 Q2 Earnings Call. To the extent the allegations in Paragraph 116 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 116 unless expressly admitted.

117. Defendants admit that Faier attended the Oppenheimer Conference on August 8, 2023. To the extent the allegations in Paragraph 117 describe the contents of, or otherwise characterize, the transcript of the Oppenheimer Conference, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 117 unless expressly admitted.

118. The allegations in Paragraph 118 constitute conclusions of law to which no response is required. Further, Paragraph 118 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118.

F.    **Investors Learn the Truth**

119.     Paragraph 119 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call.  To the extent the allegations in Paragraph 119 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 119 unless expressly admitted.

120.     Paragraph 120 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that Lando and Faier attended the 2023 Q2 Earnings Call.  To the extent the allegations in Paragraph 120 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 120 unless expressly admitted.

121.     Defendants deny the allegations in Paragraph 121.

122.     To the extent the allegations in Paragraph 122 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 122.

123.     To the extent the allegations in Paragraph 123 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124.

125. Defendants admit that the Company issued a press release on October 19, 2023. To the extent the allegations in Paragraph 125 describe the contents of, or otherwise characterize, the Company's October 19, 2023 press release, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 125 unless expressly admitted.

126. Paragraph 126 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants admit that on September 21, 2023, Lowe attended the KeyBanc Symposium. To the extent the allegations in Paragraph 126 describe the contents of, or otherwise characterize, the transcript of the KeyBanc Symposium, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 126 unless expressly admitted.

127. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in the first sentence of Paragraph 127. To the extent a response is required, Defendants deny the allegations in Paragraph 127.

**G.      Relevant Post-Class Period Events**

128. Defendants admit that on November 1, 2023, the Company held its 2023 Q3 Earnings Call. To the extent the allegations in Paragraph 128 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q3 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 128 unless expressly admitted.

129. Defendants admit that Lando attended the 2023 Q3 Earnings Call. To the extent the allegations in Paragraph 129 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q3 Earnings Call, Defendants refer the Court to that document for its

complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 129 unless expressly admitted.

130. To the extent the allegations in Paragraph 130 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q3 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 130.

131. To the extent the allegations in Paragraph 131 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q3 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 131.

132. To the extent the allegations in Paragraph 132 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q3 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 132.

133. To the extent the allegations in Paragraph 133 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q3 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. To the extent the allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness. Defendants otherwise deny the allegations in Paragraph 133.

134. Defendants admit that on February 20, 2024, the Company held its 2023 Q4 Earnings Call ("2023 Q4 Earnings Call"). Defendants further admit that Faier attended the 2023 Q4 Earnings Call. To the extent the allegations in Paragraph 134 describe the contents of, or

29

otherwise characterize, the transcript of the Company's 2023 Q4 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 134 unless expressly admitted.

## VI.  DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS DURING THE CLASS PERIOD

135.    The allegations in Paragraph 135 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

### H.    Misrepresentations Concerning SolarEdge's Revenues

138.    The allegations in Paragraph 138 constitute conclusions of law to which no response is required. Further, Paragraph 138 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    Paragraph 139 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants admit that on February 13, 2023, the Company held its 2022 Q4 Earnings Call. Defendants further admit that Lando attended the 2022 Q4 Earnings Call. To the extent the allegations in Paragraph 139 describe the contents of, or otherwise characterize, the transcript of the Company's 2022 Q4 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 139 unless expressly admitted.

140.    The allegations in Paragraph 140 constitute conclusions of law to which no response is required. Further, Paragraph 140 contains allegations pertaining to claims that were

dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141.    Paragraph 141 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on May 3, 2023, the Company held its 2023 Q1 Earnings Call.  Defendants further admit that Lando attended the 2023 Q1 Earnings Call.  To the extent the allegations in Paragraph 141 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 141 unless expressly admitted.

142.    The allegations in Paragraph 142 constitute conclusions of law to which no response is required.  Further, Paragraph 142 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 142.

143.    Paragraph 143 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call.  Defendants further admit that Lando attended the 2023 Q2 Earnings Call.  To the extent the allegations in Paragraph 143 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 143 unless expressly admitted.

144.    The allegations in Paragraph 144 constitute conclusions of law to which no response is required.  Further, Paragraph 144 contains allegations pertaining to claims that were

dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 144.

## I.      Misrepresentations Concerning the Growth of SolarEdge's Inventory

145.    The allegations in Paragraph 145 constitute conclusions of law to which no response is required. Further, Paragraph 145 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 145.

146.    Paragraph 146 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants admit that Faier attended the 2023 Q1 Earnings Call. To the extent the allegations in Paragraph 146 describe the contents of, or otherwise characterize, the Company's SEC filings, or the materials incorporated therein, or the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to those documents for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 146 unless expressly admitted.

147.    The allegations in Paragraph 147 constitute conclusions of law to which no response is required. Further, Paragraph 147 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    Paragraph 148 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants admit that Faier attended the 2023 Q1 Earnings Call. To the extent the allegations in Paragraph 148 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 148 unless expressly admitted.

149. The allegations in Paragraph 149 constitute conclusions of law to which no response is required. Further, Paragraph 149 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 149.

150. Paragraph 150 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call. Defendants further admit that Faier attended the 2023 Q2 Earnings Call. To the extent the allegations in Paragraph 150 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 150 unless expressly admitted.

151. The allegations in Paragraph 151 constitute conclusions of law to which no response is required. Further, Paragraph 151 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152. Paragraph 152 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call. To the extent the allegations in Paragraph 152 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 152 unless expressly admitted.

33

153. The allegations in Paragraph 153 constitute conclusions of law to which no response is required. Further, Paragraph 153 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 153.

154. The allegations in Paragraph 154 constitute conclusions of law to which no response is required. Further, Paragraph 154 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 154.

**J.      Misrepresentations Concerning Channel Inventory Levels in Europe**

155. The allegations in Paragraph 155 constitute conclusions of law to which no response is required. Further, Paragraph 155 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 155.

156. Defendants admit Faier attended the Wells Fargo Clean Energy Symposium ("Wells Symposium") on March 28, 2023. To the extent the allegations in Paragraph 156 describe the contents of, or otherwise characterize, the transcript of the Wells Symposium, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 156 unless expressly admitted.

157. Defendants admit that on May 3, 2023, the Company held its 2023 Q1 Earnings Call. To the extent the allegations in Paragraph 157 describe the contents of, or otherwise characterize, the transcript of the Company's 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 157 unless expressly admitted.

34

158.    The allegations in Paragraph 158 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call.  To the extent the allegations in Paragraph 159 describe the contents of, or otherwise characterize, the transcript of the 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 159 unless expressly admitted.

160.    The allegations in Paragraph 160 constitute conclusions of law to which no response is required.  Further, Paragraph 160 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call.  To the extent the allegations in Paragraph 161 describe the contents of, or otherwise characterize, the transcript of the 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 161 unless expressly admitted.

162.    The allegations in Paragraph 162 constitute conclusions of law to which no response is required.  Further, Paragraph 162 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.    Paragraph 163 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that Faier attended the Oppenheimer Conference on August 8, 2023.  To the extent the allegations in Paragraph 163 describe the contents of, or otherwise characterize, the transcript of the Oppenheimer Conference, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 163 unless expressly admitted.

164.    Paragraph 164 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that Faier attended the Barclays Conference on September 6, 2023.  To the extent the allegations in Paragraph 164 describe the contents of, or otherwise characterize, the transcript of the Barclays Conference, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 164 unless expressly admitted.

165.    The allegations in Paragraph 165 constitute conclusions of law to which no response is required.  Further, Paragraph 165 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165.

### K.      Misrepresentations Concerning Demand for SolarEdge Products in Europe

166.    The allegations in Paragraph 166 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167.    To the extent the allegations in Paragraph 167 describe the contents of, or otherwise characterize, the transcript of the 2022 Earnings Call, Defendants refer the Court to that document

36

for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 167.

168.    To the extent the allegations in Paragraph 168 describe the contents of, or otherwise characterize, the transcript of the 2022 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 168.

169.    Paragraph 169 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that Danziger attended the ROTH Conference on March 13, 2023.  To the extent the allegations in Paragraph 169 describe the contents of, or otherwise characterize, the transcript of the ROTH Conference, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 169 unless expressly admitted.

170.    Defendants admit that Faier attended the Wells Symposium on March 28, 2023.  To the extent the allegations in Paragraph 170 describe the contents of, or otherwise characterize, the transcript of the Wells Symposium, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 170 unless expressly admitted.

171.    To the extent the allegations in Paragraph 171 describe the contents of, or otherwise characterize, the transcript of the 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 171.

172.    To the extent the allegations in Paragraph 172 describe the contents of, or otherwise characterize, the transcript of the 2023 Q1 Earnings Call, Defendants refer the Court to that

document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 172.

173.    To the extent the allegations in Paragraph 173 describe the contents of, or otherwise characterize, the transcript of the 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 173.

174.    Defendants admit that Danziger attended the JPM Conference on June 21, 2023. To the extent the allegations in Paragraph 174 describe the contents of, or otherwise characterize, the transcript of the JPM Conference, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 174 unless expressly admitted.

175.    To the extent the allegations in Paragraph 175 describe the contents of, or otherwise characterize, the transcript of the JPM Conference, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 175.

176.    To the extent the allegations in Paragraph 176 describe the contents of, or otherwise characterize, the transcript of the 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 176.

177.    To the extent the allegations in Paragraph 177 describe the contents of, or otherwise characterize, the transcript of the 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 177.

178.    Defendants admit that Faier attended the Oppenheimer Conference on August 8, 2023.  To the extent the allegations in Paragraph 178 describe the contents of, or otherwise characterize, the transcript of the Oppenheimer Conference, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 178 unless expressly admitted.

179.    Paragraph 179 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call.  To the extent the allegations in Paragraph 179 describe the contents of, or otherwise characterize, the transcript of the 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 179 unless expressly admitted.

180.    Defendants admit that Faier attended the Barclays Conference on September 6, 2023.  To the extent the allegations in Paragraph 180 describe the contents of, or otherwise characterize, the transcript of the 2023 Q1 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 180 unless expressly admitted.

181.    To the extent the allegations in Paragraph 181 describe the contents of, or otherwise characterize, the transcript of the Barclays Conference, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 181.

182.    Paragraph 182 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that Lowe attended KeyBanc Symposium on September 21, 2023.  To the extent the allegations in

39

Paragraph 182 describe the contents of, or otherwise characterize, the transcript of the KeyBanc Symposium, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 182 unless expressly admitted.

183.    The allegations in Paragraph 183 constitute conclusions of law to which no response is required.  Further, Paragraph 183 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 183.

184.    The allegations in Paragraph 184 constitute conclusions of law to which no response is required.  Further, Paragraph 184 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 184 describe the contents of, or otherwise characterize, the transcripts of investor conferences or the Company's 2023 Q2 Earnings Call, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 184.

## L.    Misrepresentations Concerning Sell-Through Forecasts for SolarEdge Products

185.    Paragraph 185 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 185.

186.    To the extent the allegations in Paragraph 186 describe the contents of, or otherwise characterize, the transcript of the 2022 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 186.

187.     The allegations in Paragraph 187 constitute conclusions of law to which no response is required.  Further, Paragraph 187 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 187.

188.     To the extent the allegations in Paragraph 188 describe the contents of, or otherwise characterize, the transcript of the 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 188.

189.     The allegations in Paragraph 189 constitute conclusions of law to which no response is required.  Further, Paragraph 189 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 189.

190.     To the extent the allegations in Paragraph 190 describe the contents of, or otherwise characterize, the transcripts of earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 190.

191.     The allegations in Paragraph 191 constitute conclusions of law to which no response is required.  Further, Paragraph 191 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192.     Defendants admit Faier attended the Barclays Conference on September 6, 2023. To the extent the allegations in Paragraph 192 describe the contents of, or otherwise characterize, the transcript of the Barclays Conference, Defendants refer the Court to that document for its

complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 192 unless expressly admitted.

193.    The allegations in Paragraph 193 constitute conclusions of law to which no response is required.  Further, Paragraph 187 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 193 describe the contents of, or otherwise characterize, the transcript of investor conferences, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 193.

194.    Paragraph 194 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit Lowe attended the KeyBanc Symposium on September 21, 2023.  Defendants otherwise deny the allegations in Paragraph 194 unless expressly admitted.

195.    The allegations in Paragraph 195 constitute conclusions of law to which no response is required.  Further, Paragraph 195 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 195.

## VII.  THE TRUTH BEGINS TO EMERGE

196.    The allegations in Paragraph 196 constitute conclusions of law to which no response is required.  Further, Paragraph 196 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197.    Paragraph 197 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit that on August 1, 2023, the Company held its 2023 Q2 Earnings Call.  To the extent the allegations

42

in Paragraph 197 describe the contents of, or otherwise characterize, the transcript of the 2023 Q2 Earnings Call, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 197 unless expressly admitted.

198.    To the extent the allegations in Paragraph 198 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 198.

199.    Paragraph 199 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 199 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200.    Paragraph 200 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 200 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201.    Paragraph 201 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 201 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.    Paragraph 202 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 202 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.    Paragraph 203 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 203 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 203.

204.    Paragraph 204 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 204 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 204.

205.    Paragraph 205 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 205 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 205.

206.    Paragraph 206 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 206 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants

refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 206.

207.    Paragraph 207 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 207 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 207.

208.    Paragraph 208 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent the allegations in Paragraph 208 describe the contents of, or otherwise characterize, the transcripts of Company earnings calls, Defendants refer the Court to those documents for their complete and accurate contents.  To the extent a response is required, Defendants deny the allegations in Paragraph 208.

209.    Defendants deny the allegations in Paragraph 209.

210.    Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 210.  To the extent a response is required, Defendants deny the allegations in Paragraph 210.

211.    Defendants admit that the Company issued a press release on October 19, 2023.  To the extent the allegations in Paragraph 211 describe the contents of, or otherwise characterize, the Company's October 19, 2023 press release, Defendants refer the Court to that document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 211 unless expressly admitted.

212.    Defendants admit that Lowe attended the KeyBanc Symposium.  To the extent the allegations in Paragraph 212 describe the contents of, or otherwise characterize, the transcript of

the KeyBanc Symposium, Defendants refer the Court to that document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 212 unless expressly admitted.

213. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 213. To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 214. To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215. Defendants deny the allegations in Paragraph 215.

### VIII.  PLAINTIFF'S CLASS ACTION ALLEGATIONS

216. The allegations in Paragraph 216 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 216.

217. The allegations in Paragraph 217 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 217.

218. The allegations in Paragraph 218 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 218.

219. The allegations in Paragraph 219 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 219.

220.    The allegations in Paragraph 220 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221.    The allegations in Paragraph 221 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 221.

222.    The allegations in Paragraph 222 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 222.

223.    The allegations in Paragraph 223 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 223.

224.    The allegations in Paragraph 224 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 224.

225.    The allegations in Paragraph 225 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 225.

226.    The allegations in Paragraph 226 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 226.

## IX.  UNDISCLOSED ADVERSE FACTS

227.    The allegations in Paragraph 227 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 227.

228.    The allegations in Paragraph 228 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 228.

229.    The allegations in Paragraph 229 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 229.

## X.  LOSS CAUSATION

230.    The allegations in Paragraph 230 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 230.

231.    The allegations in Paragraph 231 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 231.

## XI.  ADDITIONAL SCIENTER ALLEGATIONS

232.    The allegations in Paragraph 232 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that SolarEdge has used a software known as "Priority" to facilitate management of customer relationships. Defendants further admit that Lando was Vice President of Sales at SolarEdge before he became the Company's Chief Executive Officer.  Defendants also admit that certain SolarEdge employees participated in meetings known as "Quarterly Business Reviews" ("QBRs").  To the extent the

48

allegations purport to quote or summarize comments allegedly made by an alleged confidential witness, Defendants are without knowledge or information sufficient to identify the alleged confidential witness.  Defendants otherwise deny the allegations in Paragraph 232 unless expressly admitted.

233.    The allegations in Paragraph 233 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 233.

234.    Defendants admit that Lando was the Company's CEO.  Defendants otherwise deny the allegations in Paragraph 234.

235.    Defendants admit that Faier was the Company's CFO.  Defendants otherwise deny the allegations in Paragraph 235.

236.    The allegations in Paragraph 236 constitute conclusions of law to which no response is required.  Further, Paragraph 236 contains allegations pertaining to claims that were dismissed by this Court, to which no response is required.  To the extent a response is required, Defendants admit Danziger attended the ROTH Conference on March 13, 2023.  To the extent that the allegations purport to describe the contents of or otherwise characterize the Company's SEC filings or the transcript of the ROTH Conference, Defendants refer the Court to those documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 236 unless expressly admitted.

237.    The allegations in Paragraph 237 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 237.

## XII.  NO SAFE HARBOR

238.   The allegations in Paragraph 238 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 238.

## XIII.  COUNT I
**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

239.   Defendants incorporate by reference their responses to Paragraphs 1 through 238 as if fully set forth herein.  To the extent a response is required, Defendants deny the allegations in Paragraph 239.

240.   The allegations in Paragraph 240 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 240.

241.   The allegations in Paragraph 241 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 241.

242.   The allegations in Paragraph 242 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 242.

243.   The allegations in Paragraph 243 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 243.

244.   The allegations in Paragraph 244 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 244.

245.   The allegations in Paragraph 245 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 245.

246.   The allegations in Paragraph 246 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 246.

247.   The allegations in Paragraph 247 constitute conclusions of law to which no response is required.  To the extent the allegations in Paragraph 247 relate to the knowledge or conduct of persons or entities other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 247.  To the extent a response is required, Defendants deny the allegations in Paragraph 247.

248.   The allegations in Paragraph 248 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 248.

249.   The allegations in Paragraph 249 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 249.

## XIV.  COUNT II
**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

250.   Defendants incorporate by reference their responses to Paragraphs 1 through 249 as if fully set forth herein.  To the extent a response is required, Defendants deny the allegations in Paragraph 250.

251.    The allegations in Paragraph 251 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 251.

252.    The allegations in Paragraph 252 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 252.

253.    The allegations in Paragraph 253 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 253.

## XV.  PRAYER FOR RELIEF

254.    Defendants deny the allegations in Paragraph 254 and deny that Plaintiffs are entitled to any relief whatsoever in this action.

## XVI.  DEMAND FOR TRIAL BY JURY

255.    Defendants object to a trial by jury on Plaintiffs' claims and all other issues to which Plaintiffs are not entitled to a jury trial as a matter of law.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of any Defendant, and without admitting that Plaintiffs suffered any loss, damage, or injury, or are entitled to any relief sought in the Second Amended Complaint, Defendants state the following affirmative and/or other defenses. By designating the following as affirmative defenses, Defendants do not in any way waive or limit any defenses that are or may be raised by their denials, allegations, and averments set forth herein. To the extent that a defense asserted herein as an "Affirmative Defense" is an ordinary defense, Defendants do not intend to, and do not, assume any burden of proof, production, or persuasion that would not apply if such defense were not asserted herein.  Nothing stated herein is intended

52

or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.  These defenses are pleaded in the alternative, and are raised to preserve Defendants' rights to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

## FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs lack standing to maintain the claims alleged in the Second Amended Complaint.

## THIRD DEFENSE

Defendants did not make any misrepresentations or omissions actionable under the securities laws.

## FOURTH DEFENSE

Defendants acted in good faith at all times, and any alleged misrepresentation or omission by Defendants was based on good faith and in reasonable reliance upon information provided by others upon whom Defendants were entitled to rely.

## FIFTH DEFENSE

The alleged misstatements or omissions were not material to the investment decisions of a reasonable investor in view of the circumstances and the totality of available information.

## SIXTH DEFENSE

Any alleged misrepresentations by Defendants were forward-looking, prospective statements accompanied by meaningful cautionary language, contingency warnings, and/or risk disclosures and are not actionable under the bespeaks caution doctrine or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995.

## SEVENTH DEFENSE

53

Any allegedly undisclosed material facts were publicly known.

## EIGHTH DEFENSE

Any alleged misstatements or omissions did not impact the market price of the relevant securities.

## NINTH DEFENSE

Any increase or decrease in the market value of the stock held by Plaintiffs and/or any putative class members was the result of market factors or other economic factors separate from the alleged wrongful conduct of Defendants.

## TENTH DEFENSE

None of the alleged conduct or inaction of Defendants caused the losses for which Plaintiffs seek to recover damages.

## ELEVENTH DEFENSE

The damages suffered by Plaintiffs and/or by putative class members, if any, were caused by independent, intervening, and/or superseding events beyond Defendants' control and unrelated to Defendants' conduct, and/or by the policies, practices, acts, or omissions of independent persons or entities other than Defendants over which Defendants have no control.

## TWELFTH DEFENSE

This action cannot be maintained as a class action because Plaintiffs cannot satisfy the requirements to proceed under Rule 23 of the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

## FOURTEENTH DEFENSE

Plaintiffs failed to mitigate, reduce, or otherwise avoid any alleged damages.

**FIFTEENTH DEFENSE**

Plaintiffs knowingly and/or recklessly assumed risks when purchasing the securities described in the Second Amended Complaint.

**SIXTEENTH DEFENSE**

Plaintiffs' claim for damages is speculative.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims fail to the extent they seek damages exceeding those permitted under the law or any applicable statute, rule, or regulation.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims against each Defendant fail to the extent that they seek damages exceeding each Defendant's proportionate liability.

**NINETEENTH DEFENSE**

Defendants are entitled to recover contribution from third parties for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct attributable to such third parties.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part because the substance of the allegedly omitted or misrepresented material information was disclosed in SolarEdge's public filings and announcements, and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiffs, and members of the class.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission, and did not directly or indirectly induce the act or acts constituting the

55

alleged violations and/or because Defendants had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or other members of the class had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of SolarEdge stock would decline if such risks materialized.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the damages sought exceed those permitted under the law or any applicable statute, rule, or regulation.

## TWENTY-FOURTH DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the putative class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs have an adequate remedy at law.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiffs, other members of the class, or other third parties, including the failure to undertake their own due diligence.

Dated: May 20, 2025
      New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Christopher D. Belelieu*
    Christopher D.  Belelieu

Christopher D.  Belelieu
Nathan C.  Strauss
Bethany J.  Saul

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035
CBelelieu@gibsondunn.com
NStrauss@gibsondunn.com
BSaul@gibsondunn.com

*Attorneys for Defendants*

57

## CERTIFICATION OF SERVICE

I, Christopher D. Belelieu, hereby certify that I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: May 20, 2025

By: _/s/ Christopher D. Belelieu_
Christopher D. Belelieu