UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2025
```

| | |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | 1:23-cv-09748-GHW<br><br><u>CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER</u> |

GREGORY H. WOODS, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent ___X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

    <u>Parties' proposal</u>: Although the Parties have yet to exchange discovery requests, the Parties anticipate impasses throughout the discovery process, including with regard to the scope of documentary discovery requests, collection and searching of electronically stored information, and exercises of attorney-client privilege and the work product doctrine. Accordingly, the Parties respectfully submit that the parties will benefit from the appointment of a magistrate to oversee the conduct of discovery and other non-dispositive issues.

2. The parties [have __X__ / have not ____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Alternative Dispute Resolution/Settlement

    a. Settlement discussions [have _____ / have not __X__] taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following: [n/a].

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or

    (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

      i. <u>Parties' proposal</u>: Should the Parties at some point elect to engage in alternative dispute resolution mechanisms to attempt to resolve this action, the Parties propose that at that time the Parties engage a private mediator.

  d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

    i. <u>Parties' proposal</u>: The Parties propose that the Parties engage a private mediator if and when they believe an alternative dispute mechanism will aid in resolving this action.

  e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __see below____ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference*.]

  a. <u>Plaintiffs' proposal</u>: Plaintiffs propose that the Court set a deadline of 60 days from the date of this order for any motion to join additional parties. Plaintiffs further propose that Plaintiffs' ability to amend their allegations be subject to the standard pursuant to Fed. R. Civ. P. 15(a). This Court adopted this protocol in a recent securities fraud class action captioned *Saskatchewan Healthcare Employee's Pension Plan v. KE Holdings Inc.*, 21-cv-11196-GHW-BCM (S.D.N.Y.). *See id.*, ECF No. 133 at 15:6-21 (adopting a schedule of "60 days so that that the language in the case management plan and scheduling order would only put a default cap on the amount of time that you would have to add parties, and that the default rule for motions to amend would be governed by Rule 15.")

  b. <u>Defendants' proposal</u>: Defendants do not dispute Plaintiffs' proposal.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ____14_____ days from the date of this Order. [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f)*.]

6. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __n/a_____. [*Absent exceptional circumstances, a date not more than 10 days following the initial pretrial conference*.]

{00663410;2 }  2

7.      Motion for class certification briefing schedule:

    a.    <u>Parties' proposal</u>:

        i.    Plaintiffs' pre-motion conference request: September 5, 2025

        ii.    Defendants' response to Plaintiffs' pre-motion conference request: September 12, 2025.

        iii.    [If Plaintiffs' request is granted] Plaintiffs' motion for class certification: October 17, 2025.

        iv.    [If Plaintiffs' request is granted] Defendants' opposition to Plaintiffs' motion for class certification: December 12, 2025.

        v.    [If Plaintiffs' request is granted] Plaintiffs' reply in further support of motion for class certification: January 9, 2026.

8.      Fact Discovery

    a.    All fact discovery shall be completed no later than

        i.    Parties' proposed deadline: May 1, 2026

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by:

        i.    Parties' proposed deadline: 30 days from the date of this order.

    c.    Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by __see below__.  No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

        i.    Parties' proposed deadline: March 2, 2026

    d.    Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery.  No other interrogatories are permitted without prior express permission of the Court.

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by:

        i.    Parties' proposed deadline: May 1, 2026

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by:

        i.    Parties' proposed deadline: May 1, 2026

    g.    Any of the deadlines in paragraphs 7(b), (c), (e), and (f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

9.    Expert Discovery

    a.    Anticipated types of experts, if any:

        i.    Plaintiffs' anticipated experts:

            1.    Class Certification: market efficiency, price impact

            2.    Merits: solar power sales and installation; warehousing; logistics; demand

        ii.    Defendants' anticipated experts:

            1.    Class Certification: market efficiency, price impact

            2.    Merits: solar power sales and installation; warehousing; logistics; demand

    b.    All expert discovery shall be completed no later than:

        i.    Parties' proposed deadline: August 31, 2026

    c.    Every party-proponent of a claim (including any counterclaim, cross-claim, or third party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by:

        i.    Parties' proposed deadline: May 15, 2026

    d.    Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by:

        i.    Parties' proposed deadline: June 30, 2026

    e.    No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures without the Court's express prior leave, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit set forth for expert discovery in paragraph 9(b).

10.    All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

11. Motions for summary judgment, if any, shall be filed no later than _____.
    [Absent exceptional circumstances, 30 days from the date in paragraph 9(b) (i.e., the completion of discovery).]

    a. Parties' proposed deadline: September 25, 2026

    Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

12. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

13. The parties expect that this case [is __X__ / is not ____] to be tried to a jury.

14. Counsel for the parties have conferred and their present best estimate of the length of trial is __10 days__.

15. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    [n/a]

Counsel for the parties:

**POMERANTZ LLP**

By: */s/ Brian Calandra*
Brian Calandra
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
bcalandra@pomlaw.com
jalieberman@pomlaw.com

*Attorneys for Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension*

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Christopher D. Belelieu*
Christopher D. Belelieu
Nathan C. Strauss
200 Park Avenue New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
cbelelieu@gibsondunn.com
nstrauss@gibsondunn.com

*Attorneys for Defendants*

*and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd.; Named Plaintiff Javier Alcides Cascallar; and the Class*

[*TO BE COMPLETED BY THE COURT:*]

      The Court will hold a status conference on <u>September 16, 2025 at 3:00 p.m.</u>. Unless otherwise ordered by the Court, the status conference will take place by telephone. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(B) of the Court's Individual Rules.

A joint letter updating the Court on the status of the case shall be filed on ECF by <u>September 9, 2025</u>. The letter should include the following information in separate paragraphs:

      (1) all existing deadlines, due dates, and/or cut-off dates;

      (2) a brief description of any outstanding motions;

      (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

      (4) the status of settlement discussions;

      (5) the anticipated length of trial and whether the case is to be tried to a jury;

      (6) whether the parties anticipate filing motions for summary judgment; and

      (7) any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

      This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 7(g)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

      SO ORDERED.

Dated: May 21, 2025  
New York, New York

                                                                GREGORY H. WOODS  
                                                United States District Judge