September 9, 2025

**Via ECF**

Honorable Gregory H. Woods
United States District Judge
for the Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

    Re:    *In re SolarEdge Technologies, Inc. Securities Litigation*, No. 1:23-cv-09748-GHW

Dear Judge Woods:

The parties[1] to this action, through their respective counsel, write pursuant to the Court's May 21, 2025 Order (the "Order") directing the parties to submit by September 9, 2025 a joint letter to advise the Court on the status of this action. *See* ECF No. 88 at 6. The parties advise as follows:

    **A.**    **All existing deadlines, due dates, and/or cut-off dates**

        1.    Plaintiffs' Motion for Class Certification

            a)    September 12, 2025: Teleconference regarding Plaintiffs' proposed motion for class certification.

            b)    If Plaintiffs are granted leave to move for class certification:

                (1)    Plaintiffs' motion for class certification: October 17, 2025.

                (2)    Defendants' opposition to Plaintiffs' motion for class certification: December 12, 2025.

                (3)    Plaintiffs' reply in further support of motion for class certification: January 9, 2026.

        2.    Fact Discovery

---

[1] The parties are Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd., and Named Plaintiff Javier Alcides Cascallar (collectively, "Plaintiffs") and SolarEdge Technologies, Inc. ("SolarEdge" or the "Company"), Zvi Lando ("Lando"), the Company's former Chief Executive Officer ("CEO"), Ronen Faier ("Faier"), the Company's former Chief Financial Officer ("CFO"), Lior Danziger, the Company's former Director of Investor Relations and Finance Operations, and J.B. Lowe, the Company's Head of Investor Relations (collectively, "Defendants").

1

    a)     All fact discovery shall be completed no later than May 1, 2026

    b)     Interrogatories due by March 2, 2026

    c)     Contention interrogatories due by April 2, 2026

    d)     Depositions shall be completed by May 1, 2026

    e)     Requests to admit due by May 1, 2026

    f)     Post-fact discovery settlement conferral must occur by May 15, 2026

3. Expert Discovery

    a)     All expert discovery shall be completed no later than August 31, 2026

    b)     Rule 26(a)(2) expert disclosures due by May 15, 2026

    c)     Rule 26(a)(2) oppositional disclosures due by June 30, 2026

    d)     Applications for leave to submit additional expert testimony due by August 21, 2026

4. Summary Judgment

    a)     Motions for summary judgment due by September 25, 2026

5. Joint Pre-trial Order

    a)     Joint pre-trial order due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion.

**B.**     **A brief description of any outstanding motions**

1. Although there are no formal motions outstanding, the parties submitted a Stipulated Protocol [And Proposed Order] For Discovery Of Electronically Stored Information on August 12, 2025. *See* ECF No. 96 ("ESI Protocol"). The Court has yet to so-order or deny the ESI Protocol.

**C.**     **A brief description of the status of discovery and of any additional discovery that remains to be completed**

1. Plaintiffs served their initial document requests on June 20, 2025, and Defendants served their initial document requests and interrogatories on June 26, 2025. The parties exchanged objections and responses to those

2

      requests and on July 28 and August 4, 2025, respectively. The parties met and conferred regarding their objections and responses on August 13 and 15. Plaintiffs served an interrogatory on Defendants seeking the identities of Defendants' customers in Europe on August 29, 2025, and Defendants response to the interrogatory is due September 29, 2025.

2. Defendants produced insurance policies applicable to the Claims in this action on August 28, 2025.

3. Plaintiffs have requested organizational charts to use in identifying potential custodians for the discovery of ESI, and to the extent such charts exist from the relevant time period, Defendants have agreed to prioritize the production of documents responsive to this request. If the parties have not agreed on a custodian set by and if Defendants have not provided a full response to Plaintiffs interrogatory by the end of September 2025, Plaintiffs will seek the intervention of Magistrate Wang.

D. **The status of settlement discussions**

1. Magistrate Wang has scheduled a telephonic preliminary settlement conference for September 10, 2025 at 2:00 PM.

2. The parties have reached out to a third-party mediator and are in the process of scheduling a mediation for Q4 2025 or latest Q1 2026.

E. **The anticipated length of trial and whether the case is to be tried to a jury**

1. The parties expect that this case is to be tried to a jury.

2. Counsel for the parties estimate the length of trial to be 10 days.

F. **Whether the parties anticipate filing motions for summary judgment**

1. The parties do anticipate filing motions for summary judgment.

G. **Any other issue that the parties would like to address at the pre-trial conference or any other information that the parties believe may assist the Court**

1. The parties wish to apprise the Court that because of Plaintiffs' limited availability for depositions, the parties anticipate asking the Court to extend Defendants' deadline for their opposition to Plaintiffs' proposed motion for class certification to January 16, 2026, and for Plaintiffs' deadline for Plaintiffs' reply in further support of their motion for Class Certification to February 13, 2026. The parties have not sought an extension of these deadlines previously, and this extension will not affect any other dates in the Order.

2.   The parties further wish to apprise the Court that in addition to the status conference currently set for September 16, 2025, the Court will be holding a pre-motion conference on September 12, 2025, regarding Plaintiffs' proposed motion for class certification. The parties respectfully submit that the Court may wish to consolidate the September 16 status conference with the September 12 pre-motion conference in the interests of efficiency.

Respectfully submitted,

| | |
|---|---|
| **POMERANTZ LLP** | **GIBSON, DUNN & CRUTCHER LLP** |
| By: */s/ Brian Calandra* | By: */s/ Christopher D. Belelieu* |
| Brian Calandra | Christopher D. Belelieu |
| Jeremy A. Lieberman | Nathan C. Strauss |
| 600 Third Avenue, 20th Floor | Bethany J. Saul |
| New York, New York 10016 | 200 Park Avenue |
| Telephone: (212) 661-1100 | New York, New York 10166-0193 |
| Facsimile: (917) 463-1044 | Telephone: (212) 351-4000 |
| bcalandra@pomlaw.com | Facsimile: (212) 351-4035 |
| jalieberman@pomlaw.com | cbelelieu@gibsondunn.com |
| | nstrauss@gibsondunn.com |
| | bsaul@gibsondunn.com |

*Attorneys for Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd.; Named Plaintiff Javier Alcides Cascallar; and the Class*

*Attorneys for Defendants*