**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:23-cv-09748-GHW <br><br> **<u>CLASS ACTION</u>** |
| THIS DOCUMENT RELATES TO: <br><br> *ALL ACTIONS* | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR ISSUANCE OF LETTERS OF REQUEST PURSUANT TO THE**
**HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL**
**OR COMMERCIAL MATTERS DATED MARCH 18, 1970**

Plaintiffs[1] respectfully submit this memorandum of law in support of their motion for issuance of letters of request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, dated March 18, 1970.

## I.    INTRODUCTION

Plaintiffs have brought claims under the Securities Exchange Act alleging Defendants[2] issued false and misleading statements and material omissions (1) characterizing inventory among their distributors in Europe as "low" (¶¶156-57[3]) and (2) touting the strength of demand for their products in Europe (¶¶164, 167-68, 170-82, 186, 192). As such, much direct evidence of the true state of affairs and Defendants' knowledge thereof lies in Europe, held by these distributors.

Through discovery, Plaintiffs have identified fourteen of SolarEdge's largest distributors of its products in Europe (the "Distributors"). The Distributors hold documents recording inventory of and demand for SolarEdge products, as well as communications with Defendants discussing these documents. Plaintiffs seek these documents through the proper procedural channels for receiving documents from companies based in Europe. Were the Distributors in the United States, these requests would be appropriate subjects for a subpoena under Federal Rule of Civil Procedure 45. So too here.

---

[1] "Plaintiffs" collectively refers to Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd. (together, "the Amitim Funds"), and Hachshara Insurance Company Ltd. ("Hachshara"), and Named Plaintiff Javier Alcides Cascallar ("Cascallar").

[2] "Defendants" are collectively SolarEdge Technologies, Inc. ("SolarEdge" or the "Company"), and Zvi Lando ("Lando"), Ronen Faier ("Faier"), Lior Danziger ("Danzinger"), and J.B. Lowe ("Lowe"). Lando, Faier, Danziger, and Lowe collectively are the "Individual Defendants."

[3] References to "¶_" are to paragraphs of the Second Consolidated Amended Complaint ("SAC") [ECF No. 72] unless otherwise indicated. Capitalized terms not defined herein have the meanings assigned to them in the SAC. *See* SAC at ii-v.

## II.   ARGUMENT

### A.  LEGAL STANDARD

U.S. courts routinely issue letters of request under the Hague Convention, 28 U.S.C. 1781(b)(2), and Rule 28(b)(2) for parties to take discovery from foreign entities. *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) (collecting cases). Questions of whether the letters of request are enforceable in the country where the foreign entity resides are "best left to the judicial authorities" in the foreign jurisdiction. *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019). Instead, for U.S. courts, the question is "whether the letter[s] of request should be issued given the principles of discovery under Rule 26." *Id.*; *see also Lantheus*, 841 F. Supp. 2d at 776 (collecting cases).

Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2023 WL 5322019, at *1 (S.D.N.Y. Mar. 8, 2023).  Relevance is "construed broadly to encompass any matter that bears on, or that could reasonably lead to other matter that could bear on any party's claim or defense." *Id.* The moving party "bears the burden of persuasion," although "that burden is not heavy one." *Id.*

### B.  PLAINTIFFS' PROPOSED LETTERS OF REQUEST SEEK MATERIAL THAT IS RELEVANT AND PROPORTIONATE TO THE NEEDS OF THE CASE

Plaintiffs' proposed discovery requests seek information that is relevant and proportional to the needs of this case under Rule 26. Moreover, Plaintiffs' proposed letters of request seek evidence that both sides need to seek to prove their respective claims and defenses.

Plaintiffs seek documents possessed by the Distributors regarding inventory of and demand for SolarEdge products, including communications with Defendants on those topics. Specifically, Plaintiffs seek reports the Distributors sent to SolarEdge during the relevant time period, including

2

reports on channel inventory, days-on-hand for inventory, point-of-sale data, and sell-through data. Plaintiffs also seek the relevant agreements between SolarEdge and the Distributors, which would include information on the Distributors' responsibilities to communicate such information to SolarEdge. In permitting this action to proceed, the Court held that the SAC adequately pled that the Defendants misrepresented inventory levels at European distributors was "low" and demand in Europe as "strong." *In re SolarEdge Techs., Inc. Sec. Litig.*, 2025 WL 1031154, at *8 (S.D.N.Y. Apr. 6, 2025). The Court also held that the SAC adequately pled Defendants made these statements with scienter, in part based on allegations that Lando and Faier were aware of the contents of "regular reports … with data on current inventory and point of sale" provided by the European distributors. *Id.* at *4, *11-12. It is this very data that Plaintiffs seek, and thus they plainly bear on the allegations of the complaint.

In addition, plaintiffs seek any complaints sent to SolarEdge from the Distributors discussing either rising inventory or declining demand. In permitting this action to proceed, the Court held that the SAC adequately pled slowing inventory in Europe that were supported by allegations from confidential witnesses describing Distributors complaints that demand was low for products and inventories were becoming saturated. *SolarEdge*, 2025 WL 1031154 at *4. Therefore, the complaints, along with the reports, bear on the true state of the Distributors' inventory and demand, and Defendants' knowledge thereof, which are key issues in this dispute.

## III.    CONCLUSION

As set forth above, Plaintiffs seek relevant and proportionate discovery in this matter, and therefore their motion should be granted.

DATED:  January 22, 2026

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Brian Calandra*
Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: bcalandra@pomlaw.com

*Counsel for Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd., Named Plaintiff Javier Alcides Cascallar, and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties whose counsel has appeared in this action, by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Brian Calandra*
Brian Calandra