# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:23-cv-09748-GHW-OTW <br><br> **CLASS ACTION** |
| THIS DOCUMENT RELATES TO: <br><br> *ALL ACTIONS* | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the Southern District of New York presents its compliments to the judicial authorities of the Republic of Poland ("Poland") and requests international judicial assistance to obtain documentary evidence from a non-party witness located in Poland to be used for a civil trial before this Court ("Letter of Request"). Based on Plaintiff's allegations, this Court finds that there are sufficient grounds to obtain documentary evidence from KENO Sp. z o.o. ("KENO") in the above-referenced class action ("Action") and should be produced in the interest of justice.

This Letter of Request is made pursuant to, and in conformity with, Chapter I of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, *opened for signature* March 18, 1970, 847 U.N.T.S. 241 (the "Hague Convention"), to which both the United States and Poland are parties.

The Action concerns statements made by SolarEdge Technologies, Inc. ("SolarEdge") regarding, *inter alia*, demand for its products from customers in Europe. Based on the Plaintiffs'

1

allegations regarding information about customer demand known to SolarEdge's customers and communicated to SolarEdge, this Court finds there are sufficient grounds to obtain documentary evidence sought through this Letter of Request, attached hereto in Schedule A, that may be highly relevant to the issues in dispute and is not pre-trial discovery within the meaning of the declaration made by the regarding Article 23 of the Hague Convention.  This Letter of Request fully complies with the reservations under the Hague Convention by Poland.

The particulars of this Letter of Request follow:

**SECTION I**

1.      **Sender:**

Brian Calandra
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
USA
Telephone: 212-661-1100
Facsimile: 917-463-1044
bcalandra@pomlaw.com

*As Authorized by:*

Honorable Gregory H. Woods
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2660
New York, NY 10007-1312
USA

2.      **Central Authority of Requested State:**

Ministerstwo Sprawiedliwości
Departament Współpracy Międzynarodowej i Praw Człowieka
Al. Ujazdowskie 11
00-950 Warsaw
P.O. Box 33
Poland

**3.**     **Person to Whom the Executed Request is to be Returned:**

Brian Calandra
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
USA
Telephone: 212-661-1100
Facsimile: 917-463-1044
bcalandra@pomlaw.com

**4.**     **Specification of Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request:**

The requesting authority respectfully requests that the response be provided as soon as practicable in order to ensure that evidence may be obtained before the deadline for factual discovery of May 1, 2026.

**SECTION II**

In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request:

**5.**     **Article 3(a): Judicial Authorities and Case Information**

> **a.**     **Requesting Judicial Authority**

Honorable Gregory H. Woods
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2660
New York, NY 10007-1312
USA

> **b.**     **To the Competent Authority of Poland.**

*Central Authority*

Ministerstwo Sprawiedliwości
Departament Współpracy Międzynarodowej i Praw Człowieka
Al. Ujazdowskie 11

00-950 Warsaw
P.O. Box 33
Poland

### c.      Name of the Case and Any Identifying Number

*In re SolarEdge Technologies, Inc. Securities Litigation*, No. 1:23-cv-09748-GHW-OTW, United States District Court for the Southern District of New York.

**6.      Article 3(b): Names and Addresses of the Parties and Their Representatives of the Case**

### a.      Plaintiffs

Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd., and Named Plaintiff Javier Alcides Cascallar (collectively, "Plaintiffs").

*Represented by:*

Jeremy Alan Lieberman
Brian Calandra
Guy Yedwab
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
USA
Telephone: 212-661-1100
Facsimile: 917-463-1044
jalieberman@pomlaw.com
bcalandra@pomlaw.com
gyedwab@pomlaw.com

*Lead Counsel for Plaintiffs*

### b.      Defendants

SolarEdge Technologies, Inc., Zvi Lando, and Ronen Faier (collectively, the "Defendants").

*Represented by:*

Christopher D. Belelieu
Nathan C. Strauss
Bethany J. Saul

4

200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
cbelelieu@gibsondunn.com
nstrauss@gibsondunn.com
bsaul@gibsondunn.com

*Counsel for Defendants*

**7.    Article 3(c): Nature and Purpose of the Proceedings and Summary of the Facts**

**a.    Nature and Purpose of the Claims**

The Action alleges claims arising under Sections 10(b) and 20(a) of the U.S. Securities

Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §78*j*) on behalf of all persons or entities other

than Defendants who purchased or otherwise acquired SolarEdge securities between February 13,

2023, and October 19, 2023, inclusive ("Class Period").  In a written opinion ("the Opinion")

issued on April 6, 2025, the Court granted in part and denied in part defendants' motion to dismiss

the case.  *In re SolarEdge Techs., Inc. Sec. Litig.*, No. 1:23-CV-9748-GHW, 2025 WL 1031154,

at *14 (S.D.N.Y. Apr. 6, 2025).

**b.    Plaintiffs' Allegations**

**i.    Plaintiffs' Claims Generally**

Plaintiffs allege that Defendants "made materially false or misleading statements in

violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934" when they "misled

investors about inventory levels" and "about demand for SolarEdge's products in Europe."

*SolarEdge Techs.*, 2025 WL 1031154, at *1. Beginning in 2023, "demand for SolarEdge's

products in Europe began to decline sharply." *Id.* at 3.  As a result, inventory of SolarEdge products

held by its distributors "wasn't moving." *Id.*

Plaintiffs allege that, throughout the Class Period, Defendants made materially misleading

5

statements characterizing inventory levels at their distributors as "low" and that European inventory remained strong. *Id.* at *4. Plaintiffs also allege that Defendants had access to information showing that these statements were false or misleading. *Id.* at *11-12. This included information from SolarEdge's distributors, including complaints to SolarEdge employees and sales and inventory data shared with SolarEdge. *Id.* at *3-4, 12-13.

### ii.  Plaintiffs' Claims as They Relate to KENO

Plaintiffs allege Defendants had access to information contradicting their public statements characterizing distributor inventory as "low" and demand in Europe as "strong." Although KENO is not a party to the action, Defendants have represented that KENO is a top distributor of SolarEdge products in Europe. Therefore, KENO would have information relevant to demand for SolarEdge products in Europe and inventory levels of those products at KENO. Plaintiffs allege that documentary evidence obtained from KENO could serve to establish Defendants' knowledge of these issues.

### 8.    Evidence to be Obtained and Purpose

Pursuant to the Hague Convention, this Court requests that the appropriate judicial authority in Poland compel KENO to produce the documentary evidence described in Schedule A. KENO is located in Poland, and the documentary evidence to be examined is located outside of the United States.

Plaintiffs seek from KENO authenticated copies of the documents identified in Schedule A as alleged to be relevant to the false and misleading statements alleged in the Action.  While this Court expresses no view as to the merits of the Complaint or any related motions in the Action, based on Plaintiff's representations, it believes that the documentary evidence sought here may be

relevant and probative of material facts for trial in the Action and that production of this documentary evidence may advance the interests of justice.

It is respectfully requested that the competent judicial authority in Poland compel KENO to produce copies of the documents that are identified in Schedule A.

If any portion of this Letter of Request is deemed unacceptable under the laws of Poland, please disregard that portion and continue to comply with as much of the Letter of Request as is legally permissible.

9.      **Article 3(e): Identity and Address of the Person Subject to the Letters of Request**

KENO Sp. z o.o.
ul. Ignacego Daszyńskiego 609
44-151
Gliwice
Poland

10.     **Article 3(f): Statement of the Subject Matter About Which the Person Will be Examined**

None.

11.     **Article 3(g): Documents and Other Evidence to Be Examined**

See Attached Schedule A.

12.     **Article 3(h): Requirement That the Evidence Be Given on Oath or Affirmation**

None.

13.     **Article 3(i): Special Procedures or Methods to Be Followed**

See Attached Schedule A.

14.     **Article 7: Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to Be Notified**

Please send notice of the time and place for execution of this Letter of Request to:

Clerk of the United States District Court
for the Southern District of New York

7

Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007
USA

Brian Calandra
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
USA
Telephone: 212-661-1100
Facsimile: 917-463-1044
bcalandra@pomlaw.com

*Counsel for Plaintiffs*

15. **Article 8: Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request**

None.

16. **Article 11: Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and her attorney specifically for the purpose of obtaining legal advice, and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds inapplicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation, unless that privilege has been waived.

8

**17.      Article 14: Reimbursement**

The fees and costs incurred in the execution of this Letter of Request that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by Plaintiffs.

**CONCLUSION**

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request seeking information, documents, and things described herein from the Ministerstwo Sprawiedliwości.  This Court extends to all judicial and other authorities of Poland the assurances of its highest consideration.

This Court expresses its sincere willingness to provide similar assistance to the courts of Poland if future circumstances require.


Date of Request:_____, 2026
                                    (month / day)



SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

(Affix seal here.)


_____
Honorable Gregory H. Woods
United States District Judge
United States District Court for the
Southern District of New York

9

## SCHEDULE A

## DOCUMENT REQUESTS

1. From June 1, 2022, to June 1, 2024, each channel inventory report sent by KENO to SolarEdge.

2. From June 1, 2022, to June 1, 2024, each inventory report showing days-on-hand for inventory products sent by KENO to SolarEdge.

3. From June 1, 2022, to June 1, 2024, each report of point-of-sale data sent by KENO to SolarEdge.

4. From June 1, 2022, to June 1, 2024, each report of sell-through data sent by KENO to SolarEdge.

5. The master service agreement in effect between KENO and SolarEdge during the period of June 1, 2022, to June 1, 2024.

6. The special pricing agreement in effect between KENO and SolarEdge during the period of June 1, 2022, to June 1, 2024.

7. Any complaint from KENO to SolarEdge of rising inventories of SolarEdge products between June 1, 2022, and June 1, 2024.

8. Any complaint from KENO to SolarEdge of declining demand for SolarEdge products between June 1, 2022, and June 1, 2024.