# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:23-cv-09748-GHW-OTW |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | |

## <u>PLAINTIFFS' FIRST INTERROGATORY TO DEFENDANT SOLAREDGE</u>

Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd., and Named Plaintiff Javier Alcides Cascallar (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby request, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 that Defendant SolarEdge Technologies, Inc. ("SolarEdge" or the "Company"), within thirty days of service hereof, respond under oath to the following interrogatory.

## <u>DEFINITIONS</u>

This Interrogatory incorporates by reference the definitions and rules of construction set forth in Local Civil Rule 26.3, and are to be interpreted as broadly as possible within the scope of Federal Rule of Civil Procedure 33 and Local Civil Rule 26.3.

In addition, the following terms shall have the meanings set forth below whenever used in an Interrogatory:

1.    Except as set forth below, all capitalized terms have the same meaning as set forth in the SAC.

2.      "Action" refers to the above-captioned action.

3.      "All," "any," and "each" shall be each construed as encompassing all, any, and each.

4.      "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside their scope.

5.      "Customers" refers to purchasers of Products directly from SolarEdge, Including, but not limited to, distributors, wholesalers, and installers.

6.      "Employee" means any Person who at any time during the Relevant Time Period acted or purported to act on behalf of an entity or Person, Including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity or Person.

7.      "Identify," with respect to an entity, means to provide: (a) its full legal name(s) both currently and at any time in the past; (b) the address of its principal place of business; (c) the jurisdiction of incorporation (or legal equivalent of incorporation); and (d) the names of its principals.

8.      "Including" means including without limitation.

9.      "Person" refers to any natural person or any legal entity, Including, without limitation, any business or governmental entity or association.

10.      "SAC" refers to the Second Amended Class Action Complaint, filed on January 3, 2025 (ECF No. 72) in the Action.

11.      "SolarEdge" or the "Company" means SolarEdge Technologies, Inc. and all of its present and former officers, directors, committees, Employees, partners, corporate parents,

2

predecessors, successors, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting, or purporting to act, on behalf of any of the foregoing.

12. "You" or "Your" refers to the party responding to this demand for production and any present and former officers, directors, committees, Employees, partners, corporate parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, branch offices, agents, representatives, and all other Persons acting, or purporting to act, on behalf of any of the foregoing.

## **INSTRUCTIONS**

1. If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not answering (in part or in full) any Interrogatory, You shall comply with the procedure agreed upon by the parties to this Action in the protective order ("Protective Order") for handling claims of privilege or other right of nondisclosure when the parties meet and confer at a time to be agreed upon by the parties. If a portion of any answer to these Interrogatories is withheld under claim of privilege, any non-privileged portion of such answer must be provided.

2. If, after the exercise of due diligence to secure all responsive information, You cannot answer an Interrogatory in whole or in part, answer to the extent possible, specify the reason for Your inability to answer the remainder, state whatever knowledge or information You have Concerning the unanswered portion, and detail what You did to attempt to secure the unknown additional information.

3. No specific Interrogatory or Interrogatories should be construed to limit the scope of any other Interrogatory or of any term defined above, and no subpart (if any) of any

3

Interrogatory should be construed to limit the scope of any other subpart (if any) of such Interrogatory.

4.      If You answer an Interrogatory by Identifying records or Documents from which the Interrogatory's answer may be derived, Your answer shall state specifically, and Identify precisely, which such records or Documents provide the information in accordance with Federal Rule of Civil Procedure 33(d).

5.      If in responding to these Interrogatories, You claim any ambiguity in interpreting an Interrogatory or a Definition or Instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to answer, but there shall be set forth as part of Your response the language You claim to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

6.      With respect to any answer to an Interrogatory You contend is in some way "burdensome" or "oppressive," please state the specific reason for that objection.

7.      "All," "any," and "each" shall each be construed as encompassing any and all.

8.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of an Interrogatory all responses that might otherwise be construed to be outside of its scope.

9.      The use of the singular form of any word includes the plural and vice versa.

10.     The past tense shall include the present tense and vice versa.

11.     This Interrogatory is continuing in nature, and You are required to supplement Your answers with any new or newly discovered materials responsive to these Interrogatories in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## **RELEVANT TIME PERIOD**

Unless otherwise indicated, the time period covered by these Interrogatories is from June

1, 2022 through December 31, 2023 (the "Relevant Time Period"). If, however, information generated prior to or after the Relevant Time Period is necessary for a correct or complete understanding of these Interrogatories, such information shall be disclosed. To the extent any Interrogatory uses the phrase "at any time" or otherwise indicates that the Relevant Time Period does not apply, the Interrogatory is not limited by this time period.

## **INTERROGATORY**

1.      Identify all SolarEdge Customers in Europe.

Dated:  August 29, 2025

**POMERANTZ LLP**

/s/ *Brian Calandra*
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  bcalandra@pomlaw.com

5