# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:23-cv-09748-GHW-OTW |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 21, 2026 (the "**Stipulation**") is made and entered into by and among (a) Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., and the Hadassah Workers Pension Fund Ltd. (the "Amitim Funds"), and Hachshara Insurance Company Ltd. ("Hachshara," and, together with the Amitim Funds, "Lead Plaintiffs"), and Named Plaintiff Javier Alcides Cascallar (together with Lead Plaintiffs, "Plaintiffs") on behalf of themselves and the putative Settlement Class (defined below); and (b) SolarEdge Technologies, Inc. ("SolarEdge" or the "Company") and its former executives and officers Zvi Lando ("Lando"), Ronen Faier ("Faier"), Lior Danziger ("Danziger"), and J.B. Lowe ("Lowe") (together, the "Individual Defendants," and collectively with SolarEdge, the "Defendants," and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended by the Parties to fully, finally, and forever

compromise, release, resolve, discharge, and settle and dismiss with prejudice the Action and all Released Plaintiffs' Claims as against the Defendants and Defendant Releasees.[1]

## RECITALS

**WHEREAS:**

A.    On November 3, 2023, Daphne Shen filed the initial complaint in this Action, which was then styled as *Shen v. SolarEdge Technologies, Inc., et al.*, No. 1:23-cv-09748-GHW. ECF No. 1. The initial complaint asserted (i) claims under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b) against SolarEdge, Lando and Faier; and (ii) claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a) against Lando and Faier.

B.    On January 2, 2024, the Amitim Funds and Hachshara, through their counsel Pomerantz LLP ("Pomerantz"), moved to be appointed lead plaintiffs and approve their selection of lead counsel. ECF Nos. 30-34.

C.    On February 8, the Court entered an order appointing the Amitim Funds and Hachshara as Lead Plaintiffs in this Action and approving Pomerantz as Lead Counsel. ECF No. 47.

D.    On April 22, 2024, Plaintiffs filed a Consolidated Amended Complaint ("First Amended Complaint"). ECF No. 55. The First Amended Complaint asserted (i) claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) against all Defendants; and (ii) claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a) against the Individual Defendants.

E.    On July 15, 2024, Defendants filed a Motion to Dismiss the First Amended Complaint. ECF Nos. 65-67. n August 26, 2024, Plaintiffs filed an Opposition to the Motion to

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the "Definitions" section below.

Dismiss the First Amended Complaint. ECF No. 68. n September 16, 2024, Defendants filed a Reply in Further Support of the Motion to Dismiss the First Amended Complaint. ECF No. 69.

F.     On December 4, 2024, the Court denied Defendants' Motion to Dismiss the First Amended Complaint in part, granted Defendants' Motion to Dismiss in part, without prejudice to Plaintiffs filing a second amended complaint. ECF No. 70.

G.     On January 3, 2025, Plaintiffs filed a Second Amended Complaint ("Second Amended Complaint") asserting the same claims as the First Amended Complaint. ECF No. 72.

H.     On February 10, 2025, Defendants moved to Dismiss the Second Amended Complaint. ECF Nos. 76-78. On February 24, 2025, Plaintiffs filed an Opposition to the Motion to Dismiss the Second Amended Complaint. ECF No. 79. On March 3, 2025, Defendants filed a Reply in Further Support of their Motion to Dismiss the Second Amended Complaint. ECF Nos. 80.

I.     On April 6, 2025, the Court denied Defendants' Motion to Dismiss the Second Amended Complaint in part, granted Defendants' Motion to Dismiss in part, without prejudice to Plaintiffs filing a third amended complaint. ECF No. 81. On May 6, 2025, Plaintiffs apprised the Court that they would stand on their Second Amended Complaint and did not file a third amended complaint. ECF No. 82.

J.     Pursuant to the Court's May 7, 2025 Order (ECF No. 83), the Parties submitted a [Proposed] Civil Case Management Plan and Scheduling Order on May 15, 2025 in advance of the May 21, 2025 Pretrial Conference. The Court entered the Civil Case Management Plan and Scheduling Order on May 21, 2025. ECF No. 88 ("Scheduling Order").

K.      In June 2025, the Parties proceeded with discovery in the Action. In response to Plaintiffs' requests for production of documents, Defendants produced over 135,000 pages of documents to Plaintiffs during the course of discovery.

L.      The Parties began exploring the possibility of settlement in August 2025. On September 10, 2025, the Parties attended a Preliminary Settlement Conference call with United States Magistrate Judge Ona T. Wang. ECF No. 103.

M.      On October 17, 2025, Plaintiffs moved for class certification (ECF Nos. 109-11), Defendants opposed that motion on January 16, 2026 (ECF Nos. 117-20), and Plaintiffs filed their reply on February 20, 2026 (ECF No. 141-44).

N.      On February 5, 2026, the Parties participated in a full-day in-person mediation session with David Murphy of Philips ADR (the "**Mediator**"). Prior to the mediation, the Parties exchanged opening and reply mediation statements on January 16 and 26, 2026, respectively.

O.      On March 20, 2026, the Mediator issued a mediator's proposal for the resolution of the Action. On March 26, 2026, the Parties accepted the Mediator's proposal and entered into a memorandum of understanding to memorialize the agreement in principle to settle the Action. On March 27, 2026, the Parties notified the Court of the settlement in principle. ECF No. 149.

P.      Thereafter, the Parties negotiated the terms of this Stipulation and the exhibits hereto.

Q.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between and among the Parties, subject to this Court's approval.

R.      Plaintiffs believe that the claims and allegations in the Action have merit and that the information developed to date supports the claims and allegations asserted. However, Plaintiffs and Lead Counsel have taken into account the uncertain outcome and the risk of any

litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel are mindful of the inherent problems of proof and the defenses to the claims alleged in the Action. Based upon their investigation, prosecution, and mediation of the Action, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.

S.      This Stipulation constitutes a compromise of all matters that are in dispute between and among the Parties. Defendants are entering into this Stipulation solely to avoid and eliminate the burden, expense, uncertainty, and risk of further litigation, as well as the business disruption associated therewith. Each Defendant expressly denies any and all allegations of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants also deny, *inter alia*, any allegation that Plaintiffs or any Settlement Class Member have suffered damages or were otherwise harmed in any way by any Defendant or by the conduct alleged in the Action. Defendants further have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws. Nevertheless, Defendants have determined to enter into the Settlement on the terms and conditions set forth in this Stipulation solely to put the Released Plaintiffs' Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or

damages. Neither the Stipulation, the Settlement, or the negotiations leading to execution of the Stipulation or Settlement, or any proceedings taken pursuant to or in connection with the Stipulation or approval of the Settlement shall be offered against any Defendant or any of Defendants' Releasees as evidence of any presumption, admission, or concession by any Defendant or any other of Defendants' Releasees of any fault, liability, or wrongdoing of any kind or of any damages whatsoever.

T. The Parties recognize that the Action has been filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith and further that the Settlement Amount, and the other terms of this Stipulation as set forth herein, were negotiated at arm's length, in good faith, and reflect an agreement that was reached voluntarily after consultation with experienced legal counsel. The Parties and their Counsel agree that they have at all times relating to the Action complied with Rule 11 of the Federal Rules of Civil Procedure.

**NOW THEREFORE**, IT IS HEREBY **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective undersigned counsel, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, that, in consideration of the benefits flowing to the Parties, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the terms and conditions of this Stipulation, as follows:

## DEFINITIONS

1. As used in this Stipulation, the following capitalized terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any

6

definition in any other document related to the Settlement, the definition set forth below shall control.

(a)    "**Authorized Claimant**" means a Settlement Class Member who submits a Claim that is approved by the Court for payment from the Net Settlement Fund.

(b)    "**CAFA Notice**" means the notice of the Settlement that Defendants shall serve pursuant to section 1715 of Title 28 of the United States Code.

(c)    "**Claim**" means a claim submitted on a Proof of Claim to the Claims Administrator.

(d)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(e)    "**Claims Administrator**" means Angeion Group, LLC.

(f)    "**Class Period**" means the period between February 13, 2023 and October 19, 2023, inclusive.

(g)    "**Defendants' Counsel**" means Gibson, Dunn & Crutcher LLP.

(h)    "**Defendant Releasees**" means Defendants, and each of their respective current and former parents, subsidiaries, divisions, affiliates, franchisees and franchise owners, stockholders, officers, directors, insurers, reinsurers, employees, agents, attorneys (including Defendants' Counsel), advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners, partnerships, limited liability companies, predecessors, successors, assigns, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family Members, purchasers, and assigns of each of the foregoing), in their capacities as such.

7

(i)    "**Effective Date**" with respect to the Settlement means the first date upon which the events and conditions specified in Paragraph 34 of this Stipulation have been met and have occurred or have been waived.

(j)    "**Escrow Account**" means the separate account maintained at Huntington National Bank, in which the Settlement Amount shall be deposited and held in escrow for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(k)    "**Escrow Agent**" means Huntington National Bank.

(l)    "**Fee and Expense Application**" means Lead Counsel's application, on behalf of Lead Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including any costs and expenses of Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(m)    "**Final**," with respect to this Settlement, means that (i) the Court has entered an order finally approving the Settlement in all material respects, including, but not limited to, certifying the Settlement Class defined herein for settlement purposes only, approving the scope of the releases set forth herein, and entering the Judgment; and (ii) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are expressly not conditioned upon (i) the Court's approval of an award of attorneys' fees, costs, or expenses to Lead Counsel, a compensatory award to Plaintiffs, or any appeals solely related thereto, (ii) the Plan of Allocation of the Settlement Amount, and any such proceedings or appeals therefrom shall not in any way delay or preclude a judgment from becoming Final.

(n)    "**Immediate Family Members**" means as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(o)    "**Judgment**" means the Final order and judgment to be entered by the Court approving the Settlement and dismissing the Second Amended Complaint with prejudice, substantially in the form attached hereto as Exhibit B.

(p)    "**Lead Counsel**" means Pomerantz LLP ("Pomerantz").

(q)    "**Litigation Expenses**" means the costs and expenses incurred by Lead Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(r)    "**Net Settlement Fund**" means the Settlement Fund less: (i) any Court-awarded attorneys' fees and Litigation Expenses; (ii) any Notice and Administration Expenses; (iii) any Taxes; and (iv) any other fees and expenses approved by the Court.

(s)    "**Notice**" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("**Long Notice**"), the Summary Notice of Pendency and Proposed Class Action Settlement ("**Summary Notice**"), and the Postcard Notice, which are to be made available to Settlement Class Members on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4.

(t)    "**Notice and Administration Expenses**" means all costs, fees, and expenses incurred by the Claims Administrator and/or Lead Counsel in connection with providing notice to the Settlement Class and the administration of the Settlement, including, but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) administering the Settlement and applying the Plan of Allocation; (iii) communicating with Persons regarding the proposed Settlement and claims administration process; (iv) distributing the proceeds of the Settlement; and (v) fees related to the Escrow Account and investment of the Settlement Fund.

(u)    "**Person(s)**" means any individual, natural person, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(v)    "**Plan of Allocation**" means the proposed plan for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Long Notice, attached hereto as Exhibit A-1.

(w)    "**Preliminary Approval Order**" means an order by the Court, substantially in the form attached hereto as Exhibit A, certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing Notice thereof to the Settlement Class and related matters.

(x)    "**Proof of Claim**" means the Proof of Claim and Release Form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form

10

attached hereto as Exhibit A-2, and which a claimant must complete and submit should that claimant seek to share in a distribution of the Net Settlement Fund.

(y)     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(z)     "**Released Claims**" means Released Defendants' Claims and Released Plaintiffs' Claims.

(aa)    "**Released Defendants' Claims**" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement or effect of the Settlement or any claims against any person who submits a request for exclusion that is accepted by the Court.

(bb)    "**Released Parties**" means the Defendant Releasees and the Released Plaintiff Parties.

(cc)    "**Released Plaintiffs' Claims**" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate in any way to, both (i) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, or (ii)

11

the purchase, acquisition, transfer, or sale of SolarEdge securities during the Settlement Class Period (the "Release"). Released Plaintiffs' Claims shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. Released Plaintiffs' Claims shall not include (a) claims to enforce the Settlement; (b) any claims by persons or entities who or which submit a request for exclusion that is accepted by the Court; or (c) claims brought in the following actions: *Maddox v. Lando, et al.*, No. 1:25-cv-04289-LAP (S.D.N.Y.); *Chauncey v. SolarEdge Technologies, Inc.*, No. 2025-0993 (Del. Ch.); *Isaac v. Atkins & SolarEdge Technologies, Inc.*, No. 1:24-920-CFC (D. Del); *In re SolarEdge Technologies, Inc. Derivative Litigation*, No. 1:24-cv-01948-JPO (S.D.N.Y.).

(dd)    "**Released Plaintiff Parties**" means Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and, to the fullest extent permitted by law, their respective heirs, executors, administrators, predecessors, successors, attorneys, insurers, agents, and assigns. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(ee)    "**Settlement**" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(ff)    "**Settlement Amount**" means fifty-five million U.S. dollars and zero cents ($55,000,000.00) in cash.

(gg)    "**Settlement Class**" means all persons and entities who purchased SolarEdge common stock during the Class Period. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who is, or was during the Class Period, an officer or director of SolarEdge and any of their Immediate Family Members; (iv) any affiliates or subsidiaries of SolarEdge, any entity in which Defendants

12

have or had a controlling interest; and (v) the legal representatives, heirs, agents, affiliates, successors or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

(hh)    "**Settlement Class Member**" means a Person who is a member of the Settlement Class.

(ii)    "**Settlement Fund**" means the Settlement Amount and any interest or income earned thereon.

(jj)    "**Settlement Hearing**" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(kk)    "**Taxes**" means all federal, state, or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund and the expenses and costs incurred by Lead Counsel in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(ll)    "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Releasees, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With

13

respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to, or different from, those which any of them now knows or believes to be true with respect to the Action, the Released Claims, but the Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## CLASS CERTIFICATION

2.      For purposes of this Settlement only, the Parties stipulate and agree to: (i) certification of the Action as a class action, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class; (ii) the appointment of Plaintiffs as

14

class representatives for the Settlement Class; and (iii) the appointment of Lead Counsel as class

counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      No later than five (5) business days after execution of this Stipulation, Lead

Counsel will move for preliminary approval of the Settlement, authorization to provide notice of

the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final

approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with

the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall

agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as

Exhibit A.

4.      The obligations incurred pursuant to this Stipulation are: (i) subject to approval by

the Court and the Judgment reflecting such approval becoming Final; and (ii) in full and final

disposition of the Action with respect to the Released Parties and any and all Released Claims.

## RELEASE OF CLAIMS

5.      Pursuant to the Judgment, without further action by anyone, as of the Effective

Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and

each of their respective heirs, executors, trustees, administrators, predecessors, successors, and

assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment

shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished,

waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs'

Claims against each and every one of the Defendant Releasees and shall forever be barred and

enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released

15

Plaintiffs' Claims against any and all of the Defendant Releasees, whether or not such Settlement Class Member executes and delivers a Proof of Claim or shares in the Net Settlement Fund.

6.     Pursuant to the Judgment, without further action by anyone, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

7.     Notwithstanding Paragraphs 5-6 above, nothing in the Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in Paragraphs 5-6 above and the other promises and covenants and set forth in this Stipulation, all of which the Parties agree are good and valuable consideration, Defendants agree to pay, or cause to be paid, the Settlement Amount of fifty-five million U.S. dollars and zero cents ($55,000,000.00) into the Escrow Account no later than thirty (30) business days after the later of: (a) the Court entering an order granting preliminary approval of the Settlement, or (b) Defendants' Counsel's receipt from Plaintiffs of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, contact information for an

16

individual to provide verbal confirmation of wire instructions, and a signed Form W-9 reflecting a valid taxpayer identification number for the Qualified Settlement Fund (as defined below) in which the Settlement Amount is to be deposited.

9.      The Settlement Amount represents the entirety of Defendants' and Defendant Releasees' financial obligations under this Stipulation and in connection with this Settlement. Plaintiffs and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all Released Plaintiffs' Claims. Payment of the Settlement Amount into the Escrow Account as provided for in Paragraph 8 shall be the Defendant Releasees' only payment obligation in connection with the Settlement, with the sole exception of Defendants' obligation pursuant to Paragraph 23 to pay costs associated with the CAFA Notice. None of Defendants, Defendants' Counsel, Defendant Releasees, including Defendants' insurers or reinsurers, shall have any responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund, including any Notice and Administration Expenses; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns. The full payment of the entire Settlement Amount into the Escrow Account in accordance with this Section discharges Defendants' financial obligations under this Stipulation and in connection with the Settlement.

**USE AND TAX TREATMENT OF SETTLEMENT FUND**

10.     The Settlement Fund shall be used to pay: (i) any Taxes; (ii) Notice and Administration Expenses; (iii) any attorneys' fees and expenses of Lead Counsel awarded by the Court; (iv) any Litigation Expenses awarded by the Court; and (v) the Claims of Authorized Claimants.

11.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in Paragraphs 25-26 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("**FDIC**") in amounts that are up to the limit of FDIC insurance. Neither Defendants, Defendant Releasees, or Defendants' Counsel shall have any responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by, or any other actions of, the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

12.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of

18

Treasury Regulation § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph 12, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a) For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or their successors, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "**Tax Returns**") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this Paragraph 12.

(b) All Taxes shall be paid out of the Settlement Fund. In all events, Defendants, Defendant Releasees, and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any

19

expenses associated therewith. Neither Defendants, Defendant Releasees, nor Defendants' Counsel shall have any liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount or the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. Nevertheless, in the event any Taxes are owed by any of Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)    Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a Notice and Administration Expense and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants. Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)).

13.    This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof except as provided in this Stipulation.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

14.    Lead Counsel shall submit to the Court a Fee and Expense Application to be paid solely from (and out of) the Settlement Fund.

15.    The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and Litigation Expenses awarded by the Court shall be payable from the Settlement Fund immediately after entry of the Order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment, notwithstanding the

20

existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof, or as otherwise ordered by the Court. Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Lead Counsel.

16.    Any payment of attorneys' fees and Litigation Expenses pursuant to Paragraphs 14-15 above shall be subject to Lead Counsel's obligation to make full refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

17.    Defendant Releasees shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or Litigation Expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may issue in the Action. With the sole exception of Defendants' obligation to pay, or cause the payment of, the Settlement Amount into the Escrow Account as provided for in Paragraph 8, the Defendant Releasees shall have no obligation to pay Lead Counsel anything in connection with the Action. Defendant Releasees shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members,

21

whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendant Releasees for any award of attorneys' fees and Litigation Expenses incurred by Plaintiffs, Lead Counsel, or any Settlement Class Member or their counsel in connection with this Action.

18.     The Settlement is separate from, and is not conditioned upon, any award of attorneys' fees and/or Litigation Expenses. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein. In the event of any delay in resolving the Fee and Expense Application, Plaintiffs agree to request that the Court rule on the motion for approval of the Settlement while the Fee and Expense Application remains pending. Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with Paragraph 35 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

19.     Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

20.     Before the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may pay actual and reasonable Notice and Administration Expenses from the Settlement Fund up to five hundred thousand U.S. dollars and zero cents

22

($500,000.00). Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.

## NOTICE AND SETTLEMENT ADMINISTRATION

21.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court. The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. For the avoidance of doubt, no Plan of Allocation is part of this Stipulation and the Defendant Releasees shall have no responsibility or liability with respect thereto. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment. Further, none of Defendant Releasees shall have responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to any Person, including, but not limited to, Plaintiffs, any Settlement Class Member, and Lead Counsel in connection with such administration.

22.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, the Claims Administrator shall receive Claims and determine, *inter alia*, whether the Claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve. For the purposes of identifying and providing notice to the Settlement Class, within fifteen (15)

23

business days of entry of the Preliminary Approval Order, SolarEdge will, at its own expense, provide or cause to be provided to Lead Counsel a list (consisting of names, mailing addresses, and email addresses, if available) of the purchasers of SolarEdge common stock during the Class Period in electronic format, such as Excel.

23.     Defendants shall be responsible for providing any required notice under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("**CAFA**") at their own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court. Within fourteen (14) calendar days of entry of the Preliminary Approval Order, Defendants will serve Lead Counsel and file with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

24.     Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of the Settlement or this Stipulation and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with Paragraph 35 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging of claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

25.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as

24

may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

26.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a private, non-profit, non-sectarian 501(c)(3) organization designated by Plaintiffs.

## ADMINISTRATION OF THE SETTLEMENT

27.     Any Settlement Class Member who fails to timely submit a valid Proof of Claim (substantially in the form of Exhibit A-2) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Defendant Releasees.

28.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead

25

Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim submitted in the interest of achieving substantial justice.

29.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each claimant shall be required to submit a Proof of Claim, substantially in the form attached hereto as <u>Exhibit A-2</u>, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable. Claimants shall bear the burden of establishing their right to a recovery;

(b)    All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Lead Counsel in its discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Defendant Releasees. A Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the

26

instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by

27

the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

30.     Each Claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. All proceedings with respect to the administration, processing, and determination of Claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

31.     Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants. No Person shall have any Claim of any kind against the Defendants, Defendant Releasees or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, Paragraphs 27-32) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of Claims and distributions.

32.     No Person shall have any claim against Plaintiffs, Lead Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

28

## TERMS OF THE JUDGMENT

33.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

34.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account in accordance with Paragraph 8;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation or the Supplemental Agreement (as defined below);

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     approval by the Court of the Settlement, following notice to the Settlement Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(f)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final.

## WAIVER OR TERMINATION

35.     Defendants and Plaintiffs, respectively, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so (the

29

"**Termination Notice**"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to approve this Stipulation or any material part thereof; (iii) the Court's Final refusal to enter the Judgment in any material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Second Circuit, or the Supreme Court of the United States; or (v) a Final order declining to dismiss the Action with prejudice. Without limitation, any reduction in the scope of the definitions of the Settlement Class or Released Plaintiffs' Claims will be deemed material. For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.

36. In addition to the foregoing, SolarEdge, in its sole discretion, shall also have the right to terminate the Settlement in the event the Termination Threshold (defined below) has been reached. Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("**Supplemental Agreement**"). The Supplemental Agreement sets forth certain conditions under which SolarEdge shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "**Termination Threshold**"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have

30

the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 16, 22, 41-43, 53, and 63 which shall continue to apply.

37.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, Lead Counsel shall promptly, and in any event no later than five (5) calendar days after receiving a request for exclusion or twenty-one (21) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel by email of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it.

38.     In addition to all of the rights and remedies that Plaintiffs have under the terms of this Stipulation, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 8 above, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

(a)     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs,

31

(b)    the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of that Defendant and that Defendants and Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions as of March 26, 2026. The terms and provisions of this Stipulation, with the exception of this Paragraph 38 and Paragraphs 16, 22, 43, 53, and 63 shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(c)    Within ten (10) business days after joint written notification of termination sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with Paragraph 16 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Lead Counsel consistent with Paragraph 16 above have not been refunded to the Settlement Fund within the ten (10) business days specified in this Paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with Paragraph 16 above.

39.    All releases and the Judgment as to other Defendants shall remain unaffected. SolarEdge warrants that, as to the payments made or to be made on behalf of Defendants, at the

32

time of entering into this Stipulation and at the time of the payment of the Settlement Amount, SolarEdge is not insolvent, nor will the payment of the Settlement Amount required to be made by or on behalf of SolarEdge render the Company insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof. This representation is made by SolarEdge and not Defendants' Counsel.

40.    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of Paragraphs 35-36 above: (i) neither Defendants nor Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole discretion of Defendants or Plaintiffs, as applicable.

41.    In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Plaintiffs, in any court filing, deposition, at trial, or otherwise.

## NO ADMISSION OF WRONGDOING

42.    Except as set forth in Paragraph 43 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendant Releasees as evidence of, or construed as, or deemed to

33

be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any allegation by Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Defendant Releasees or any Person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendant Releasees as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendant Releasees, or against or to the prejudice of Plaintiffs, or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs or the Settlement Class Members;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendant Releasees, Plaintiffs, any Settlement Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendant Releasees, Plaintiffs, Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendant Releasees, Plaintiffs, or any Settlement Class Member, as an admission or concession that

the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

43.    Notwithstanding Paragraph 42 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

44.    All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

45.    The Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any court that the Action was brought, prosecuted, or defended in bad

35

faith or without a reasonable basis. The Parties and their respective counsel agree not to contest that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties and their respective counsel, including through a mediation process, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

46.    This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of the Parties (or their successors-in-interest) by counsel for the Parties, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

47.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation.

49.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party, of any other prior or subsequent breach of this Stipulation.

50.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

51.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, joint defense privilege, or work product protection.

52.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

53.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

54.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

55.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the Effective Date.

56.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

57.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

37

58.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

59.     All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

60.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

61.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in Paragraph 60 above, those disputes (after good faith attempts at resolution among the Parties) will be resolved by the Mediator in his sole discretion, by way of mediation.

62.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Settlement confidential, unless disclosure is compelled by the Court or required under applicable laws, rules, or regulations. Notwithstanding the foregoing, the Parties agree that this

Stipulation may be filed publicly via ECF as part of any motion for preliminary approval of the Settlement.

63.    The Parties further understand and agree that Defendants deny all of the Settlement Class and Plaintiffs' claims and material allegations asserted in this Action; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury. No public communication about the negotiation of the Settlement shall claim success or construe the Settlement as an admission of liability. The Parties may not make, by direct or indirect publication, any statements intended to be disparaging of the other Party and/or the claims and defenses they contemplated in the Action. For the avoidance of doubt, nothing herein shall prevent: (i) any Defendant from stating that the claims asserted in the Action were entirely without merit and that none of their conduct, statements, acts, or omissions constitute a violation of any rules, regulations, or laws; or (ii) Plaintiffs or Lead Counsel from stating that the Settlement is favorable for the Settlement Class.

64.    Except as otherwise provided herein and by the Court to Lead Counsel from the Settlement Fund, each Party shall bear its own costs, expenses, and legal fees.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 21, 2026.

| POMERANTZ LLP | GIBSON, DUNN & CRUTCHER LLP |
|---|---|
| By: _____ | By: _____ |
| Jeremy A. Lieberman | Christopher D. Belelieu |
| Brian Calandra | Nathan C. Strauss |
| Guy Yedwab | Bethany J. Saul |
| 600 Third Avenue, 20th Floor | 200 Park Avenue |
| New York, New York 10016 | New York, New York 10166-0193 |
| Telephone: (212) 661-1100 | Telephone: (212) 351-4000 |
| Facsimile: (917) 463-1044 | Facsimile: (212) 351-4035 |
| bcalandra@pomlaw.com | cbelelieu@gibsondunn.com |
| jalieberman@pomlaw.com | nstrauss@gibsondunn.com |
| gyedwab@pomlaw.com | |

39

bsaul@gibsondunn.com

*Attorneys for Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd.; Named Plaintiff Javier Alcides Cascallar; and the Class*

*Attorneys for Defendants SolarEdge Technologies, Inc., Zvi Lando, Ronen Faier, Lior Danziger, and J.B. Lowe*