UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                   :
                                   :
                                   :
IN RE SOLAREDGE TECHNOLOGIES, INC. :
SECURITIES LITIGATION                  :          1:23-cv-9748-GHW-OTW
                                   :
                                   :                 ORDER
---------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2026

GREGORY H. WOODS, United States District Judge:

The Court has reviewed the parties' April 21, 2026 submissions regarding the provisional approval of the parties' proposed resolution of this matter. Dkt. Nos. 151-153. The Court has the following comments and requests with respect to the submissions:

- Supporting Affidavits. The parties' settlement submissions do not include affidavits setting forth the facts that support the findings embedded in the proposed order. The Court requests that the parties present one or more affidavits containing all of the facts upon which they wish the Court to rely in reaching the conclusions embedded in the proposed order, which must include all matters of fact referenced in the memorandum of law submitted in support of the motion. *See* Local Civil Rule 7.1(a)(3). The Court also requests an affidavit describing the reach of the proposed notice program to permit the Court to evaluate its effectiveness. The parties must also present one or more affidavits detailing the qualifications of the proposed claims administrator.

- Calculation of Recognized Losses. The parties' settlement submissions do not provide information that would allow the Court or prospective class members to evaluate the allocation of proceeds from the settlement. In particular, they provide no information regarding how the parties arrived at the proposed calculation of Recognized Losses. The Court requests that the parties present additional information explaining how the proposed calculation and the plan of allocation were developed. The supplemental affidavit must also

detail the calculation that supports the estimated per share recovery set forth on page 1 of the proposed notice.  Dkt. No. 153-2.

- Proposed Order.  There appears to be a typographical error in paragraph 11 of the proposed order.  Dkt. No. 153-2 ("that any this").  The Court requests that the parties provide a corrected version of the proposed order to the Court.

- Plaintiffs' Discretion to Allocate Residual Funds.  Paragraph 26 of the parties' stipulation states that Plaintiffs will designate a charitable organization to receive any residual funds.  Dkt. No. 153-1.  The stipulation does not appear to contemplate that the designation will be subject to review by the Court or to provide for public disclosure of the designee.  The Court requests that Plaintiffs clarify whether they expect that their designation of a beneficiary of the residual fund will be subject to Court review.

- Rule 11.  The Court expects that it will require each of the parties to submit affidavits supporting the proposed finding in paragraph 9 of the proposed final judgment prior to final entry of any such order.

These supplemental requests are similar to those made by the Court to the parties in *In Re Tufin Software Technologies Ltd. Securities Litigation*, 1:20-cv-5646, in which Pomerantz represented the lead plaintiffs.

SO ORDERED.

Dated: April 23, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge