USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_5/1/2026_

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:23-cv-09748-GHW |
| THIS DOCUMENT RELATES TO: <br><br> *ALL ACTIONS* | |

**ORDER GRANTING PLAINTIFFS' AMENDED UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**WHEREAS:**

A.     On April 21, 2026, Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd. (collectively, "Amitim"), and Hachshara Insurance Company Ltd. ("Hachshara"), and Named Plaintiff Javier Alcides Cascallar ("Cascallar," and, together with "Amitim and Hachshara, "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), and Defendants SolarEdge Technologies, Inc. ("SolarEdge") and Zvi Lando, Ronen Faier, Lior Danziger, and J.B. Lowe (together, the "Individual Defendants," and collectively with SolarEdge, "Defendants," and together with Plaintiffs, the "Parties"), entered into a Stipulation of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Class

Action Complaint (the "Second Amended Complaint") (ECF No. 73), filed on January 3, 2025, on the merits and with prejudice (the "Settlement");

B.    The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.    The Parties to the Stipulation have consented to the entry of this order; and

D.    All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 1st day of May, 2026, that:**

1.    The Court has reviewed the Stipulation and preliminarily approves the Settlement and finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to finally approve the Settlement as fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities other than (i) Defendants, (ii) Immediate Family Members of the Individual Defendants, any person who is, or was during the Class Period, (iii) an officer or director of SolarEdge and any of their Immediate Family Members, (iv) any affiliates or subsidiaries of SolarEdge, (v) any entity in which Defendants have or had a controlling interest, and (vi) the legal representatives, heirs, agents, affiliates, successors or assigns of any such excluded persons or entities, who purchased SolarEdge common stock during the Class Period. Also excluded from

the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by this Court.

3.    Solely for purposes of the proposed Settlement of this Action, the Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class Members;

(c)    the claims of Plaintiffs in the Action are typical of the Settlement Class's claims;

(d)    Plaintiffs and Lead Counsel have represented and protected, and will fairly and adequately represent and protect, the interests of the Settlement Class;

(e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)    a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Amitim, Hachshara, and Cascallar are preliminarily certified as Class Representatives for the Settlement Class. The law firm of Pomerantz LLP is preliminarily appointed Class Counsel for the Settlement Class.

5.    The Court finds that (a) the Stipulation resulted from good faith, arm's-length negotiations and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at Daniel Patrick Moynihan United States Courthouse 500 Pearl St., New York, NY 10007-1312, in Courtroom 12C, on August 24, 2026, at 2:30 p.m. for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be finally approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Defendant Releasees;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firm of Pomerantz LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Plaintiffs for

reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f) . to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or Litigation Expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website for the Settlement.

8. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Long Notice"), the Proof of Claim and Release Form ("Proof of Claim"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice substantially in the forms annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Long Notice, Summary Notice, and Proof of Claim substantially in the manner and form set forth in this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable

requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

9.    The Court approves the retention of and appoints Angeion Group, LLC, as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

10.    No later than thirty (30) business days after the later of: (a) the date of entry of this Order preliminarily approving the Settlement; or (b) Defendants' Counsel's receipt from Plaintiffs of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, contact information for an individual to provide verbal confirmation of wire instructions, and a signed Form W-9 reflecting a valid taxpayer identification number, Defendants will deposit, or cause to be deposited, fifty-five million U.S. dollars ($55,000,000) into the Escrow Account.

11.    At any time after entry of this Order, Lead Counsel may, without further approval from the Court or Defendants, disburse up to five-hundred thousand U.S. dollars ($500,000) from the Settlement Fund to pay reasonable and necessary Notice and Administration Expenses prior to the Effective Date.  After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional reasonable and necessary Notice and Administration Costs actually incurred and paid or payable without further Order of the Court.

12.    Within fifteen (15) business days after entry of this Order, SolarEdge will, at its own expense, provide or cause to be provided to Lead Counsel a list (consisting of names, mailing addresses, and email addresses, if available) of the purchasers of SolarEdge common stock during the Class Period in electronic format, such as Excel. The Parties acknowledge that any information

provided to Lead Counsel shall be treated as confidential and will be used by Lead Counsel solely to provide Notice and/or implement the Settlement.

13.     Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Long Notice, and the Proof of Claim to be posted on the Claims Administrator's website within fourteen (14) business days after entry of this Order.

14.     Within fourteen (14) business days of entry of this Order, Lead Counsel, through the Claims Administrator, shall either: (a) email links to the location of the electronic Long Notice and Proof of Claim to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses with reasonable effort, substantially in the form as Exhibits A-1 and A-2 to the Stipulation; or (b) if no email address can be obtained, cause the Postcard Notice, substantially in the form as Exhibit A-4 to the Stipulation, to be mailed by first-class mail, postage prepaid, to Settlement Class Members whom the Claims Administrator can identify with reasonable effort.

15.     Lead Counsel, through the Claims Administrator, shall use reasonable efforts to give notice to nominee purchasers, such as custodians, brokerage firms, and other Persons and entities that purchased or otherwise acquired SolarEdge common stock during the Class Period as record owners but not beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (a) provide to the Claims Administrator the name, email address, and last known address of each Person or organization for whom or which it purchased or otherwise acquired SolarEdge common stock during the Class Period; (b) request from the Claims Administrator a link to the electronic Long Notice and Proof of Claim and email the link to all such beneficial owners for whom valid email addresses are available within ten (10) calendar days of receipt of the link from the Claims Administrator; or (c) request additional copies

of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and within ten (10) calendar days of receipt, mail the Postcard Notice directly to the beneficial owners of SolarEdge common stock. Nominees that choose to follow alternative procedures (b) or (c) shall, upon such emailing or mailing, send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. If the Claims Administrator receives a valid email address for a beneficial owner, it will promptly send a link to the Long Notice and Proof of Claim electronically, and, if not, it will promptly mail a Postcard Notice to the beneficial owner. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.02 per name, address and email address provided to the Claims Administrator; up to $0.02 per Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.02 per link to the electronic Long Notice and Proof of Claim transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice. Postcard Notices may only be printed by the Claims Administrator.

16.    Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court proof of the mailing and emailing of the link to the electronic Long Notice and Proof of Claim and/or Postcard, as required by this Order.

8

17.    Lead Counsel shall cause the Summary Notice to be published once in *PR Newswire* within fourteen (14) business days of entry of this Order. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

18.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator seven (7) calendar days prior to the Settlement Hearing: (i) electronically through the Claims Administrator's website, SolarEdgeSecuritiesLitigation.com; or (ii) at the Post Office Box indicated in the Notice. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (i) the Claimant receives an electronic confirmation following submission of an online Claim Form through the Settlement Website; or (ii) legibly postmarked (if properly addressed and mailed by first class mail), provided such Proof of Claim is actually received before the Settlement Hearing. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting

9

documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient shall be afforded a reasonable time (at least twenty (20) calendar days from the date the Claims Administrator provides notice of the deficiency) to cure such deficiency if it appears that such deficiency may be cured.  If any Claimant whose Claim has been rejected in whole or in part (either due to an uncurable deficiency, a failure to cure a deficiency, or any other stated basis) wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the rejection or partial rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a

10

review thereof by the Court. If an issue concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

19.    All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and Judgment, if entered, unless they validly exclude themselves from the Settlement Class.

20.    Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

21.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Long Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing (the "Exclusion Deadline"). To be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re SolarEdge Technologies, Inc. Securities Litigation*, Case No. 1:23-cv-09748-GHW-OTW (S.D.N.Y.)," and (B) states the

11

number of shares of publicly-traded SolarEdge common stock the Settlement Class Member (i) owned as of the opening of trading on February 13, 2023, (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction, and (iii) held as of the close of trading on October 19, 2023. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of publicly-traded SolarEdge common stock during the Class Period; and (ii) demonstrating the Settlement Class Member's status as a beneficial owner of the SolarEdge common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22.   The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to Lead Counsel as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). Lead Counsel shall provide Defendants' Counsel with copies of any requests for exclusion from the Settlement Class, and any written revocations of requests for exclusion, on a rolling basis as expeditiously as possible, by email. The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

23.   Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) business days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

12

24.    All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing date:

| **Lead Counsel** | **Counsel For Defendants** |
|---|---|
| Brian Calandra | Christopher D. Belelieu |
| POMERANTZ LLP | GIBSON, DUNN & CRUTCHER LLP |
| 600 Third Avenue, Floor 20 | 200 Park Avenue |
| New York, NY 10016 | New York, NY 10166-0193 |

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date) filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. To be valid, any such objections must include: (1) the objector's name, address, telephone number, and e-mail address of the objector and signature of the objector; (2) a list of all purchases and sales of SolarEdge common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the objector or to the objector's counsel; (4) the name, address, and telephone number of all counsel, if any, who represent the objector, including the objector's former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the objector and/or the objector's counsel has filed an objection to a class action settlement in the last five

13

years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

26. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in the Action.

27. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

28. Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Defendant Releasees.

29. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees, Litigation Expenses and awards to Plaintiffs shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

14

30.     No Person who is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

31.  .  All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

32.     Neither Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Plaintiffs.

33.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 26, 2026.

34.     This Order, the term sheet entered into by and between the Parties on March 26, 2026, and the Stipulation (whether or not finally approved or consummated), in addition to the negotiations of these items and any proceedings taken pursuant to them, do not constitute, and shall not be offered or received against or to the prejudice of any of (a) the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any allegation by Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been

asserted in the Action or in any litigation, including, but not limited to, the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Defendant Releasees or any Person or entity whatsoever, or of any infirmity in any of Defendants' defenses; (b) the Defendant Releasees as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendant Releasees, or against or to the prejudice of Plaintiffs, or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs, or Settlement Class Members; (c) the Defendant Releasees, Plaintiffs, any Settlement Class Member, or their respective counsel, as (i) evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendant Releasees, Plaintiffs, Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and (d) Plaintiffs or any Settlement Class Member as evidence of an admission, concession, or presumption that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

35.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 1st day of May, 2026

_____
HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:23-cv-09748-GHW-OTW |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | |

<u>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**</u>

Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you purchased or otherwise acquired SolarEdge Technologies, Inc. ("SolarEdge") common stock during the period from February 13, 2023 through October 19, 2023, inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").[1]

*A federal court authorized this Notice. This is not attorney advertising.*

- Please be advised that the Court-appointed Lead Plaintiffs Mivtachim the Workers Social Insurance Fund Ltd., Keren Hgimlaot Hmerkazit Histadrut Central Pension Fund Ltd., Kerren Makefet Pension and Provident Center Cooperative Society Ltd., the Hadassah Workers Pension Fund Ltd., and Hachshara Insurance Company Ltd. ("Lead Plaintiffs"), and Named Plaintiff Javier Alcides Cascallar (together with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for fifty-five million dollars ($55,000,000.00) (the "Settlement Amount") in cash that, if approved, will resolve all claims in the Action (the "Settlement").

- The Court will hold a Settlement Hearing on ____, 202__ at ____ : ____.m. to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide for the payment of the Settlement Amount, plus interest as it accrues, minus attorneys' fees to Lead Counsel, Litigation Expenses, compensatory awards to Plaintiffs, Notice and Administration Expenses, and Taxes on interest, to persons and entities who purchased SolarEdge common stock during the Class Period, and who submit an eligible Proof of Claim and Release Form ("Claim Form").

- The Settlement represents an estimated average recovery of $2.06 per share for the approximately 26.7 million shares of publicly-traded SolarEdge common stock damaged

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated April 21, 2026 (the "Stipulation"), available at SolarEdgeSecuritiesLitigation.com.

during the Class Period. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold SolarEdge common stock, the purchase and sales prices, and the total number and amount of claims filed.

- Attorneys for Plaintiffs and the Settlement Class, Pomerantz LLP ("Lead Counsel"), intend to ask the Court to award them fees of up to 25% of the Settlement Amount, plus interest, payment of up to $750,000 in Litigation Expenses and up to $230,000, in total in compensatory awards to Plaintiffs, awarded by the Court, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), plus interest, and up to $500,000 in Notice and Administration Expenses. Since the Action's inception, Lead Counsel have expended considerable time and effort in this case on a contingent-fee basis and have advanced the expenses of the Action with the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Collectively, the requested attorneys' fees to Lead Counsel, Litigation Expenses, and Notice and Administration Expenses are estimated to average approximately $0.57 per share. If approved by the Court, these amounts will be paid from the Settlement Fund (defined below).

- The estimated average net recoveries, after the deductions set forth in the preceding paragraph, are approximately $1.49 per share. These estimates are based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on, among other things, when your shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much; and the aggregate value of the Recognized Losses (defined in the proposed Plan of Allocation) represented by valid and acceptable Claim Forms.

- The Settlement resolves the Action and the claims that SolarEdge its former executives and officers Zvi Lando ("Lando"), Ronen Faier ("Faier"), Lior Danziger ("Danziger"), and J.B. Lowe ("Lowe") (together, the "Individual Defendants," and collectively with SolarEdge, the "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*, channel inventory levels of SolarEdge's products and demand for those products in Europe, causing damage to Settlement Class Members. Defendants deny any wrongdoing. Defendants have entered into the Stipulation with Plaintiffs (collectively, the "Parties"). Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- The Parties disagree on how much money, if any, could have been won if Plaintiffs prevailed on any of their claims.

- For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the costs and delay associated with completing discovery, the risk that the Court may refuse to certify a class and/or grant anticipated motions for summary judgment filed by Defendants, in whole or in part, the risks involved in proving the allegations, the uncertainty of a greater recovery after a trial and appeals, and the difficulties and delays inherent in such litigation. For Defendants, who deny

2

EXHIBIT A-1

all allegations of wrongdoing or liability whatsoever and deny that the Settlement Class Members were damaged, the reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

- If you are a Settlement Class Member, your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Claim Forms must be postmarked or submitted online **on or before _____, 202_** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Defendants' Releasees about the legal claims that were or could have been asserted in this Action. Requests for exclusion must be received **on or before _____, 202_** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by the Court and counsel **on or before _____, 202_** |
| **PARTICIPATE IN THE HEARING** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. Requests to speak must be received by the Court and counsel **on or before _____, 202_** |
| **DO NOTHING** | Get no payment and give up your rights to bring your won individual action. |

## INQUIRIES

**Please do not contact the Court, Defendants, Defendants' Counsel, or the Office of the Clerk of Court regarding this Notice.** All inquiries concerning this Notice, the Claim Form, or any other questions by Settlement Class Members should be directed to:

| *SolarEdge Technologies, Inc. Securities Litigation* c/o Claims Administrator 1650 Arch Street, Suite 2210 Philadelphia, PA 19103 Telephone: [InsertPhone#] Email: [InsertEmail] | Brian Calandra POMERANTZ LLP 600 Third Ave, Floor 20 New York, NY 10016 Telephone: (212) 661-1100 Email: bcalandra@pomlaw.com |
|---|---|

3

EXHIBIT A-1

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1. | Why did I receive notice of the Settlement? |
|---|---|

You or someone in your family may have purchased or otherwise acquired SolarEdge common stock during the period from February 13, 2023 to October 19, 2023, both dates inclusive.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.** The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 10 below.

| 2. | What is this case about? |
|---|---|

This Settlement resolves the case known as *In re SolarEdge Technologies, Inc. Securities Litigation,* Case No. 1:23-cv-09748-GHW-OTW (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Action involves allegations that Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act"). The operative Second Amended Class Action Complaint (the "Complaint") alleges that Defendants made material misrepresentations and/or omissions to the public about channel inventory levels of SolarEdge's products and demand for those products in Europe, causing damage to Settlement Class Members. Defendants deny any wrongdoing. The Complaint alleges that SolarEdge's common stock price was artificially inflated and when the true facts were revealed, the artificial inflation was removed from the price of SolarEdge's common stock, causing the price to drop and damaging Settlement Class Members.

On April 6, 2025, the Court denied Defendants' motion to dismiss the Complaint in part. Specifically, the Court found that Plaintiffs sufficiently alleged that Defendants' statements contained certain misrepresentations and/or omissions of material fact about channel inventory levels of SolarEdge's products and demand for those products in Europe, causing damage to Settlement Class Members. Defendants deny any wrongdoing. The Court did not finally decide the Action in favor of Plaintiffs or Defendants and there has been no trial. Instead, both sides agreed to a settlement.

Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action and maintain that SolarEdge's disclosures were true and correct in all material respects. The Settlement shall not be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of Defendants or any of the Defendants' Releasees, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other related claims or potential claims, whether known or unknown.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a settlement? |
|---|---|

Plaintiffs and Defendants do not agree about the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on any of their claims. The issues on which Plaintiffs and the Defendants disagree include: (1) whether Defendants made any allegedly materially false or misleading statements; (2) whether Defendants acted knowingly or grossly recklessly in making any alleged misrepresentation or omission; (3) whether alleged disclosures corrected the alleged misrepresentations or omissions; (4) the causes of the loss in the value of SolarEdge common stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the Action. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they would have been able to prove that any challenged statement was false or misleading, that Defendants acted with the necessary level of scienter, that any disclosure corrected the alleged misrepresentations or omissions, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Moreover, in addition to litigation of this type usually being expensive, it appears that, even if Plaintiffs' allegations were found to be true, the total amount of damages to which class members might have been entitled could have been substantially reduced. For the avoidance of doubt, Defendants believe that Plaintiffs' allegations and claims are without merit, maintain that SolarEdge's disclosures were true and correct in all material respects, and maintain that they have agreed to resolve this case to avoid the burden, expense, uncertainty, and risk of further litigation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | How do I know if I am part of the Settlement Class? |
|---|---|

The Settlement Class is comprised of all persons and entities who or that purchased or otherwise acquired SolarEdge common stock from February 13, 2023 to October 19, 2023, both dates inclusive, subject to the exclusions in Question 6 below.

Check your investment records or contact your stockbroker to see if you have any eligible securities transactions. The Parties do not independently have access to your trading information.

| 6. | Are there exceptions to being included in the Settlement Class? |
|---|---|

Yes. Excluded from the Settlement Class are: Defendants, Immediate Family Members of the Individual Defendants, any person who is, or was during the Class Period, an officer or director of SolarEdge and any of their Immediate Family Members, any affiliates or subsidiaries of SolarEdge, any entity in which Defendants have or had a controlling interest, and the legal representatives, heirs, agents, affiliates, successors or assigns of any such excluded persons or

entities, and any Persons who submit valid and timely a request for exclusion as described below in the response to Question 13.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at [InsertPhone#] or at [InsertEmail] or by visiting the website www.SolarEdgeSecuritiesLitigation.com, or you can fill out and return the Claim Form described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

The proposed Settlement provides for Defendants to pay, or cause the payment of, $55,000,000 into a settlement fund, which may accrue interest (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable Litigation Expenses to Lead Counsel, with interest, and compensatory awards to Plaintiffs. A portion of the Settlement Fund also will be used to pay Taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing the Postcard Notice, the costs of publishing notice, and the costs of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| 9. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) when you purchased or otherwise acquired SolarEdge common stock during the Class Period, and the price at the time of purchase or acquisition; (ii) whether you sold SolarEdge common stock and, if so, when and for how much; (iii) the Recognized Losses (defined in the proposed Plan of Allocation) of timely and valid claims submitted by other Settlement Class Members; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees and expenses, and compensatory awards to Plaintiffs.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Losses calculated pursuant to the allocation formulas set forth in the Plan of Allocation approved by the Court. The allocation formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members with valid claims. The allocation formulas are not intended to estimate the amount that a Settlement Class Member might have been able to recover after a trial; they also are not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement.

It is unlikely that you will get a payment for all of your Recognized Losses. After all Settlement Class Members have sent in their Claim Forms, the payment you get will be a share of the Net Settlement Fund equal to your Recognized Losses divided by the total Recognized Losses of all Authorized Claimants, multiplied by the amount of the Net Settlement Fund.

6

EXHIBIT A-1

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

A Recognized Loss will be calculated for each eligible share of SolarEdge common stock purchased or otherwise acquired during the Settlement Class Period.[2] The calculation of Recognized Loss will depend upon several factors, including when shares of SolarEdge common stock were purchased or otherwise acquired during the Settlement Class Period, the price paid, whether those shares were sold, and, if sold, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered after a trial, nor the amount that will be paid to Authorized Claimants pursuant to the Settlement. Rather, the Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use reasonable efforts to administer and distribute the Net Settlement Fund in a manner that is both equitable and economically feasible.

The Plan of Allocation was developed with the assistance of a consulting damages expert and is based on the assumption that the price of SolarEdge common stock was artificially inflated throughout the Settlement Class Period. The estimated amount of alleged artificial inflation during the Settlement Class Period is set forth in Table 1 below. The calculation of the alleged artificial inflation in the price of SolarEdge common stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiffs and on stock price declines, net of market- and industry-wide factors, that occurred in reaction to the public announcements that allegedly corrected those misrepresentations.

Under the U.S. federal securities laws, investors may recover only for losses attributable to disclosures that corrected defendants' prior false or misleading statements or omissions. Lead Plaintiffs and Counsel for Plaintiffs have determined that the alleged truth underlying Defendants' alleged misrepresentations first entered the market after the close of trading on August 1, 2023. The Recognized Loss formula is also based on the assumption that the decline in the price of SolarEdge common stock from August 2, 2023 through October 20, 2023, inclusive, was attributable to corrective information entering the market (the "Corrective Disclosure Period"). Accordingly, to be eligible for a recovery under the Plan of Allocation, a Claimant must have purchased or otherwise acquired shares of SolarEdge common stock during the Settlement Class Period and either sold those shares during the Corrective Disclosure Period or held them through the end of the Corrective Disclosure Period.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for SolarEdge common

---

[2] During the Settlement Class Period, SolarEdge common stock traded on the NASDAQ Global Select Market under the ticker symbol "SEDG."

7

stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on SolarEdge common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period. The Recognized Loss on SolarEdge common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its average closing price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in SolarEdge common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of SolarEdge Common Stock

For each share of SolarEdge common stock purchased or otherwise acquired during the Settlement Class Period (i.e., February 13, 2023 through October 19, 2023, inclusive), the Recognized Loss shall be calculated as follows:

i.    For each share of SolarEdge common stock purchased during the Settlement Class Period that was subsequently sold prior to August 2, 2023, the Recognized Loss is $0.

ii.   For each share of SolarEdge common stock purchased during the Settlement Class Period that was subsequently sold during the period August 2, 2023 through October 19, 2023, inclusive, the Recognized Loss is the amount of per-share price inflation on the date of purchase as set forth in Table 1 below *minus* the amount of per-share price inflation on the date of sale as set forth in Table 1 below.

iii.  For each share of SolarEdge common stock purchased during the Settlement Class Period that was subsequently sold during the period October 20, 2023 through January 17, 2024, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

> a.    the amount of per-share price inflation on the date of purchase as set forth in Table 1 below; or
>
> b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as set forth in Table 2 below.

iv.   For each share of SolarEdge common stock purchased during the Settlement Class Period and still held as of the close of trading on January 17, 2024, the Recognized Loss is *the lesser of*:

> a.    the amount of per-share price inflation on the date of purchase as set forth in Table 1 below; or

8

EXHIBIT A-1

b.      the purchase price *minus* the average closing price for SolarEdge common stock during the 90-Day Lookback Period, which is $81.62.

| Table 1 | | | | | |
|---|---|---|---|---|---|
| Per-Share Artificial Inflation in SolarEdge Common Stock | | | | | |
| Date | Inflation | Date | Inflation | Date | Inflation |
| 2/13/2023 - 8/1/2023 | $66.72 | 8/29/2023 | $31.06 | 9/27/2023 | $17.74 |
| 8/2/2023 | $41.20 | 8/30/2023 | $30.48 | 9/28/2023 | $19.97 |
| 8/3/2023 | $34.26 | 8/31/2023 | $29.09 | 9/29/2023 | $18.89 |
| 8/4/2023 | $30.87 | 9/1/2023 | $27.78 | 10/2/2023 | $20.45 |
| 8/7/2023 | $31.34 | 9/5/2023 | $28.94 | 10/3/2023 | $24.52 |
| 8/8/2023 | $29.63 | 9/6/2023 | $27.84 | 10/4/2023 | $28.52 |
| 8/9/2023 | $28.44 | 9/7/2023 | $29.10 | 10/5/2023 | $28.48 |
| 8/10/2023 | $25.73 | 9/8/2023 | $25.64 | 10/6/2023 | $28.05 |
| 8/11/2023 | $28.12 | 9/11/2023 | $24.57 | 10/9/2023 | $25.81 |
| 8/14/2023 | $28.08 | 9/12/2023 | $22.95 | 10/10/2023 | $21.90 |
| 8/15/2023 | $30.81 | 9/13/2023 | $21.56 | 10/11/2023 | $19.20 |
| 8/16/2023 | $28.65 | 9/14/2023 | $15.95 | 10/12/2023 | $20.17 |
| 8/17/2023 | $32.60 | 9/15/2023 | $15.52 | 10/13/2023 | $21.56 |
| 8/18/2023 | $33.21 | 9/18/2023 | $17.54 | 10/16/2023 | $23.29 |
| 8/21/2023 | $36.62 | 9/19/2023 | $18.41 | 10/17/2023 | $24.73 |
| 8/22/2023 | $40.16 | 9/20/2023 | $19.15 | 10/18/2023 | $22.97 |
| 8/23/2023 | $39.21 | 9/21/2023 | $19.37 | 10/19/2023 | $21.35 |
| 8/24/2023 | $34.07 | 9/22/2023 | $20.45 | Thereafter | $0.00 |
| 8/25/2023 | $36.24 | 9/25/2023 | $18.71 | N/A | N/A |
| 8/28/2023 | $34.86 | 9/26/2023 | $16.80 | N/A | N/A |

| Table 2 | | | | | |
|---|---|---|---|---|---|
| 90-Day Lookback Values | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 10/20/2023 | $82.90 | 11/17/2023 | $76.77 | 12/18/2023 | $79.35 |
| 10/23/2023 | $84.20 | 11/20/2023 | $76.96 | 12/19/2023 | $79.89 |
| 10/24/2023 | $83.91 | 11/21/2023 | $77.05 | 12/20/2023 | $80.24 |
| 10/25/2023 | $83.19 | 11/22/2023 | $77.12 | 12/21/2023 | $80.62 |
| 10/26/2023 | $83.24 | 11/24/2023 | $77.15 | 12/22/2023 | $80.96 |
| 10/27/2023 | $82.20 | 11/27/2023 | $77.14 | 12/26/2023 | $81.31 |
| 10/30/2023 | $81.17 | 11/28/2023 | $77.14 | 12/27/2023 | $81.63 |
| 10/31/2023 | $80.52 | 11/29/2023 | $77.19 | 12/28/2023 | $81.95 |
| 11/1/2023 | $79.99 | 11/30/2023 | $77.26 | 12/29/2023 | $82.19 |
| 11/2/2023 | $79.27 | 12/1/2023 | $77.44 | 1/2/2024 | $82.38 |
| 11/3/2023 | $78.94 | 12/4/2023 | $77.63 | 1/3/2024 | $82.46 |
| 11/6/2023 | $78.34 | 12/5/2023 | $77.77 | 1/4/2024 | $82.46 |
| 11/7/2023 | $77.94 | 12/6/2023 | $77.86 | 1/5/2024 | $82.41 |

EXHIBIT A-1

| 11/8/2023 | $77.44 | 12/7/2023 | $77.92 | 1/8/2024 | $82.34 |
|---|---|---|---|---|---|
| 11/9/2023 | $76.97 | 12/8/2023 | $77.94 | 1/9/2024 | $82.24 |
| 11/10/2023 | $76.60 | 12/11/2023 | $77.99 | 1/10/2024 | $82.22 |
| 11/13/2023 | $76.31 | 12/12/2023 | $77.94 | 1/11/2024 | $82.14 |
| 11/14/2023 | $76.48 | 12/13/2023 | $78.06 | 1/12/2024 | $82.00 |
| 11/15/2023 | $76.66 | 12/14/2023 | $78.53 | 1/16/2024 | $81.85 |
| 11/16/2023 | $76.66 | 12/15/2023 | $78.99 | 1/17/2024 | $81.62 |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of SolarEdge common stock shall be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired SolarEdge common stock during the Settlement Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that SolarEdge shares were originally purchased prior to the commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

The first-in-first-out ("FIFO") method will be applied to match purchases and sales. Sales will be matched in chronological order, by trade date, first against SolarEdge common stock held as of the close of trading on February 12, 2023 (the last trading day before the Settlement Class Period begins) and then against purchases of SolarEdge common stock during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in SolarEdge common stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and shall not be entitled to a recovery until that short position is fully covered.

With respect to SolarEdge common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price. Any Recognized Loss arising from purchases of SolarEdge common stock acquired during the Settlement Class Period through

10

the exercise of a publicly traded option on SolarEdge common stock shall be computed as provided for other purchases of SolarEdge common stock in the Plan of Allocation.[3]

Notwithstanding any of the foregoing, shares of SolarEdge common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities (including, without limitation, options, warrants, convertible notes, or restricted stock units) are not eligible for recovery under the Settlement. Likewise, the receipt of SolarEdge common stock during the Settlement Class Period in exchange for securities of any corporation or entity other than SolarEdge, or through a merger, acquisition, or sale of any corporation or entity, shall not be deemed a purchase or sale of SolarEdge common stock for purposes of the Settlement, and such shares shall be ineligible for recovery.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and shall not be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form, with appropriate supporting documentation, will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

Please contact the Claims Administrator or Counsel for Plaintiffs if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs and Counsel for Plaintiffs, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be

---

[3] The "exercise of an option" as used in this sentence includes: (1) purchases of SolarEdge common stock as the result of the exercise of a call option, and (2) purchases of SolarEdge common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator, as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

### HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. How can I get a payment? |
| --- |

To qualify for a payment, you must submit a Claim Form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Claim Form is enclosed with this Notice and may also be downloaded at or submitted online using the website claim portal. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Claim Form may be completed in two ways: (1) by completing and submitting it electronically at www.SolarEdgeSecuritiesLitigation.com **by 11:59 p.m. EST on _____ __, 202__**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than _____ __, 202__**, to:

*SolarEdge Technologies, Inc. Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Telephone: [InsertPhone#]
Email: [InsertEmail]

| 11. When would I get my payment? |
| --- |

The Court will hold a Settlement Hearing on ____, 202___ at _____ .m. to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

| 12. What am I giving up to get a payment or to stay in the Settlement Class? |
| --- |

If you are a Settlement Class Member, **unless you exclude yourself from the Settlement Class by the _____, 202__ deadline**, you will remain a Settlement Class Member and will be bound by the release of claims against Defendants and other Defendants' Releasees if the Settlement is approved. It also means you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment. The Judgment will dismiss with prejudice the claims against the Defendants' Releasees and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of

their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Defendants' Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees, whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released. You will accept a share of the Net Settlement Fund as sole compensation for any losses you allegedly suffered as a result of your purchase or acquisition of SolarEdge common stock during the Class Period. Additional specific terms of the release are included in the Stipulation available at www.SolarEdgeSecuritiesLitigation.com.

"**Released Parties**" means the Defendant Releasees and the Released Plaintiff Parties.

"**Released Plaintiffs' Claims**" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate in any way to, both (i) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, or (ii) the purchase, acquisition, transfer, or sale of SolarEdge securities during the Settlement Class Period (the "Release"). Released Plaintiffs' Claims shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. Released Plaintiffs' Claims shall not include (a) claims to enforce the Settlement; (b) any claims by persons or entities who or which submit a request for exclusion that is accepted by the Court; or (c) claims brought in the following actions: *Maddox v. Lando, et al.*, No. 1:25-cv-04289-LAP (S.D.N.Y.); *Chauncey v. SolarEdge Technologies, Inc.*, No. 2025-0993 (Del. Ch.); *Isaac v. Atkins & SolarEdge Technologies, Inc.*, No. 1:24-920-CFC (D. Del); *In re SolarEdge Technologies, Inc. Derivative Litigation*, No. 1:24-cv-01948-JPO (S.D.N.Y.).

"**Released Defendants' Claims**" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement or effect of the Settlement or any claims against any person who submits a request for exclusion that is accepted by the Court.

"**Unknown Claims**" means any and all Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Releasees, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of

the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to, or different from, those which any of them now knows or believes to be true with respect to the Action, the Released Claims, but the Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Defendants' Releasees on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class. Defendants can terminate the Settlement if a certain amount of exclusion requests are received.

| 13. | How do I get out of the proposed Settlement? |
|-----|-----|

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Defendants' Releasees on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *In re SolarEdge Technologies, Inc. Securities Litigation*, Case No. 1:23-cv-09748-GHW-OTW (S.D.N.Y.)"; and (B) states the number of shares of publicly-traded SolarEdge common stock you (i) owned as of the opening of trading on February 13, 2023, (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction, and (iii) held as of the close of trading on October 19, 2023.

To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of publicly-traded SolarEdge common stock during the Class Period; and (ii) demonstrating your status as a beneficial owner of the SolarEdge common stock. Any such request for exclusion must be signed and submitted by you, as the

14

EXHIBIT A-1

beneficial owner, under penalty of perjury. You must mail your exclusion request so that it is **received no later than \_\_\_\_\_, 202\_\_ at:**

*SolarEdge Technologies, Inc. Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Telephone: [InsertPhone#]
Email: [InsertEmail]

**You cannot exclude yourself by telephone or by email.** If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any orders or the Judgment in this case.

| 14. | If I do not exclude myself, can I sue the Defendants or the other Defendants' Releasees for the same thing later? |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue Defendants or the other Defendants' Releasees for the claims being released in this Settlement. If you have a pending lawsuit against the Defendants' Releasees or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is \_\_\_\_\_, 202\_\_.

| 15. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

**THE LAWYERS REPRESENTING YOU**

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court appointed Pomerantz LLP as Lead Counsel to the Settlement Class to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action. Contact information for Lead Counsel is provided above.

| 17. | How will the lawyers be paid? |
|---|---|

Lead Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or for their expenses in advance of this Settlement. Court-appointed Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund ($13,750,000), plus interest. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $750,000, plus interest; compensatory awards to Plaintiffs of no more than $230,000, in total, for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class, and up to $500,000 in Notice and Administration Expenses. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

15

EXHIBIT A-1

## OBJECTING TO THE SETTLEMENT AND RELATED MATTERS

| | |
|---|---|
| **18.** | **How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation?** |

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and Litigation Expenses and plaintiff awards in "*In re SolarEdge Technologies, Inc. Securities Litigation*, Case No. 1:23-cv-09748-GHW-OTW (S.D.N.Y.)." You must include: (1) your name, address, telephone number, email address, and your signature; (2) a list of all purchases and sales of SolarEdge common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to each of the addresses listed below, to be received no later than ___ 202__:

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Hearing.

All written objections and supporting papers must be submitted to the Court either by mailing them to, or filing them with, the Clerk of the Court such that they are received by the Court or filed no **later than ____, 202__** at the following address: Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

You must also mail or deliver copies of any objections, papers and briefs to **each** of the counsel below such that they are **received no later than ____, 202__**:

| **Lead Counsel** | **Counsel For Defendants** |
|---|---|
| Brian Calandra | Christopher D. Belelieu |
| POMERANTZ LLP | GIBSON, DUNN & CRUTCHER LLP |
| 600 Third Avenue, Floor 20 | 200 Park Avenue |
| New York, NY 10016 | New York, NY 10166-0193 |

16

| 19. | What is the difference between objecting and excluding myself? |
|-----|---|

Objecting is telling the Court you do not like something about the Settlement or some part of it. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement, the Fee and Expense Application, and the Plan of Allocation. You may participate, and you may ask to speak, but you do not have to.

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|-----|---|

The Court will hold a Settlement Hearing, either in person or remotely at the Court's discretion, at Daniel Patrick Moynihan United States Courthouse 500 Pearl St., New York, NY 10007-1312, in Courtroom 12C, on _____, 202___, at __:_____ _.m.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Lead Counsel for attorneys' fees and expenses and compensatory awards to Plaintiffs for their service to the Settlement Class.

You should be aware that the Court may change the date and time of the Settlement Hearing, or decide to hold it remotely, without another notice being mailed to the Settlement Class Members. If you want to attend the Settlement Hearing, you should check with Lead Counsel or on the Settlement website, www.SolarEdgeSecuritiesLitigation.com beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|-----|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submit your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|-----|---|

If you object, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *In re SolarEdge Technologies, Inc. Securities Litigation*, Case No. 1:23-cv-09748-GHW-OTW (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence

17

EXHIBIT A-1

at the Settlement Hearing, must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
| --- | --- |

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Defendants' Releasees about the Released Plaintiffs' Claims (as defined in the Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | How do I get more information about the case? |
| --- | --- |

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the proposed Settlement, please see the Stipulation. More information about the matters involved in the Action, including, among other documents, copies of the Stipulation and Claim Form, is available at www.SolarEdgeSecuritiesLitigation.com. For even more detailed information concerning the matters involved in this Action, see the pleadings filed in the Action, the papers filed in support of the Settlement and the Fee and Expense Application, and the orders entered by the Court, which are available for review during business hours at the Office of the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files system at https://www.pacer.gov.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, during the Class Period, you purchased and/or sold SolarEdge common stock for the beneficial interest of a person or entity other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name and last known address and email address (to the extent that email addresses are available) of each person or entity for whom or which you purchased and/or sold SolarEdge common stock during such time period; (b) request from the Claims Administrator the link to the electronic Long Notice and Claim Form and, WITHIN TEN (10) CALENDAR DAYS of receipt of the link, email it to all such beneficial owners; or (c) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such emailing or mailing, you send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE**

EXHIBIT A-1

**YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**

You may request reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to: $0.02 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for Postcard Notices mailed by nominees; $0.02 per link to the electronic Long Notice and Claim Form sent by email; or $0.02 per mailing record and email address provided to the Claims Administrator. Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page _____ above.

DATED: _____, 2026        BY ORDER OF THE UNITED STATES
                                  DISTRICT COURT FOR THE SOUTHERN
                                  DISTRICT OF NEW YORK

19

EXHIBIT A-2

## SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION
### PROOF OF CLAIM AND RELEASE FORM

**1.     GENERAL INSTRUCTIONS**

1.     It is important that you completely read the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and this Proof of Claim and Release Form ("Claim Form") including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice is also available on the Settlement website at: www.SolarEdgeSecuritiesLitigation.com. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the action entitled *In re SolarEdge Technologies, Inc. Securities Litigation,* Case No. 1:23-cv-09748-GHW-OTW (S.D.N.Y.) (the "Action"), you must complete and, on page 6 below, sign this paper Claim Form, and return this Claim Form as specified below. If you fail to submit a timely and properly addressed Claim Form (as explained in paragraph 4 below), your Claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

3.     Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

4.     YOU MUST SUBMIT YOUR COMPLETED PROOF OF CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, SO THAT IT IS RECEIVED ONLINE BY 11:59 P.M. ON [InsertFilingDeadline]. IF NOT SUBMITTED ONLINE, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND MAIL BY FIRST CLASS MAIL SO THAT IT IS POSTMARKED NO LATER THAN [InsertFilingDeadline] AND ADDRESSED AS FOLLOWS:

SolarEdge Technologies, Inc. Securities Litigation
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Toll-free: 1-844-921-4200
www.SolarEdgeSecuritiesLitigation.com

5.     If you are a member of the Settlement Class (as defined in the Notice) and you do not timely request exclusion in response to the Notice dated **[InsertDate],** you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

6.     Do not mail or deliver your Claim to the Court or to any of the Parties or their counsel, as any such Claim will be deemed not to have been submitted. Submit your Claim only to the Claims Administrator.

## II.    CLAIMANT IDENTIFICATION

1.    By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class in question 5 of the Notice), do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Class (see question 6 of the Notice), any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

2.    Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of SolarEdge common stock that form the basis of this Claim, as well as the owner of record if different. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.** If you held the SolarEdge common stock in your own name, you were the beneficial owner as well as the record holder. If, however, your SolarEdge common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of those shares, but the third party was the record holder.

3.    All joint owners must sign this Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim on behalf of persons represented by them and their authority must accompany this and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.    Use **Part II** of this form entitled "Schedule of Transactions" to supply all required details of your transaction(s) in SolarEdge Technologies, Inc. common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of SolarEdge common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

3.    Copies of broker confirmations or other documentation of your transactions must be submitted with your Claim. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN SOLAREDGE COMMON STOCK.**

4.    NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at [InserEmail] or visit the website at www.SolarEdgeSecuritiesLitigation.com to obtain the required file layout or visit the Settlement website to download the file. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see number 3 of the Claimant Identification), along with the electronic spreadsheet format. No Claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5.    NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their Claims online using the electronic version of the Claim Form hosted at [InsertWebsite]. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your Claim as a Representative Filer, please contact the Claims Administrator at [InsertPhone#] or [InsertEmail]. If you are not a Representative Filer, but your Claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

EXHIBIT A-2

| Your Claim Form must be submitted on or before [InsertFilingDeadline] | **PROOF OF CLAIM AND RELEASE FORM**<br><br>*SolarEdge Technologies, Inc. Securities Litigation*<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103<br>**Email:** [InsertEmail]<br>**Website:** [InsertWebsite] | **SolarEdge Common Stock** |
|---|---|---|

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

| Beneficial Owner Name | | |
|---|---|---|
| Co-Beneficial Owner Name | | |
| Entity Name (if claimant is not an individual) | | |
| Representative or Custodian Name (if different from Beneficial Owner(s) listed above) | | |
| Address 1 (Street Name and Number) | | |
| Address 2 (Apartment, unit, or box number) | | |

| City | State | ZIP |
|---|---|---|
| Foreign Province | Foreign Country | Postal Code |
| Telephone Number (cell or home) | Telephone Number (work) | |

| Email Address | |
|---|---|
| Account Number (if filing for multiple accounts, file a separate Claim Form for each unique account type) | |

| Last four digits of Social Security Number (individuals) | OR | Taxpayer Identification Number (estates, trusts, corporations, etc.) |
|---|---|---|

Claimant Account Type (check appropriate box):

☐ Individual / Joint     ☐ Pension Plan     ☐ Trust

☐ Corporation     ☐ Estate

☐ IRA/401K     ☐ Other _____ (please specify)

EXHIBIT A-2

### PART II – SCHEDULE OF TRANSACTIONS

**Do not** include information regarding any securities other than SolarEdge Common Stock.

| TRANSACTIONS | | | | |
|---|---|---|---|---|
| **1. HOLDINGS AS OF FEBRUARY 13, 2023** State the total number of SolarEdge shares held at the opening of trading on February 13, 2023. (Must be documented.) • If none, write "zero" or "0." • If short, write the total number of shares as a negative number. | | | **TOTAL NUMBER OF SHARES** | |

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 13, 2023 THROUGH OCTOBER 19, 2023**

Separately list each and every purchase or acquisition of SolarEdge Common Stock from February 13, 2023, through October 19, 2023, inclusive. (Must be documented.)

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof is Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. SALES FROM FEBRUARY 13, 2023 THROUGH OCTOBER 19, 2023**

Separately list each and every sale or disposition of SolarEdge Common Stock from February 13, 2023, through October 19, 2023, inclusive. (Must be documented.)

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold / Disposed | Sale Price Per Share | Total Sale Price (excluding any taxes, commissions, and fees) | Confirm Proof is Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| **4. HOLDINGS AS OF NOVEMBER 14, 2023** State the total number of SolarEdge shares held at the close of trading on October 19, 2023. (Must be documented.) • If none, write "zero" or "0." • If short, write the total number of shares as a negative number. | | | **TOTAL NUMBER OF SHARES** | |

| **IF YOU REQUIRE ADDITIONAL SPACE** for the schedule above, attach extra schedules in the same format. Print the beneficial owner's full name and last four digits of social security/taxpayer identification number on each additional page. **If you do attach extra schedules, check this box:** | ☐ |
|---|---|

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**III.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this Claim, such as additional documentation for transactions in eligible SolarEdge Common Stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in SolarEdge Common Stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

**IV.    RELEASES, WARRANTIES, AND CERTIFICATION**

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Persons" as defined below.

2.    As a Settlement Class Member, I (we) hereby acknowledge, on behalf of myself (ourselves) and each of my (our) heirs, executors, trustees, administrators, predecessors, successors, and assigns, full and complete satisfaction of, and do hereby fully, finally, and forever waive, settle, release, relinquish, discharge, and dismiss with prejudice the Released Claims (as defined below) as to each and all of the Released Persons. I (we) further acknowledge that I (we), and each of my (our) heirs, executors, trustees, administrators, predecessors, successors, agents, and assigns, shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Persons.

3.    "Released Parties" means the Defendant Releasees and the Released Plaintiff Parties.

4.    "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate in any way to, both (i) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, or (ii) the purchase, acquisition, transfer, or sale of SolarEdge securities during the Settlement Class Period (the "Release"). Released Plaintiffs' Claims shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. Released Plaintiffs' Claims shall not include (a) claims to enforce the Settlement; (b) any claims by persons or entities who or which submit a request for exclusion that is accepted by the Court; or (c) claims brought in the following actions: *Maddox v. Lando, et al.*, No. 1:25-cv-04289-LAP (S.D.N.Y.); *Chauncey v. SolarEdge Technologies, Inc.*, No. 2025-0993 (Del. Ch.); *Isaac v. Atkins & SolarEdge Technologies, Inc.*, No. 1:24-920-CFC (D. Del); *In re SolarEdge Technologies, Inc. Derivative Litigation*, No. 1:24-cv-01948-JPO (S.D.N.Y.).

5.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement or effect of the Settlement or any claims against any person who submits a request for exclusion that is accepted by the Court.

6.    "Unknown Claims" means any and all Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Releasees, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any

EXHIBIT A-2

and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to, or different from, those which any of them now knows or believes to be true with respect to the Action, the Released Claims, but the Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

7.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of SolarEdge Common Stock that occurred during the Settlement Class Period and the number of shares of SolarEdge Common Stock held by me (us), to the extent requested.

9.    I (We) certify that I am (we are) NOT subject to backup tax withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

☐    Check this box if you are subject to backup withholding.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                              (Month / Year)              (City)          (State/Country)


_____          _____
Signature of Claimant                      Signature of Joint Claimant, if any


_____          _____
Print Name of Claimant                     Print Name of Joint Claimant, if any


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

EXHIBIT A-2

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1.  Please sign this Claim Form.

2.  If this Claim is being made on behalf of Joint Claimants, then both must sign.

3.  DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

4.  Attach only copies of supporting documentation as these documents will not be returned to you.

5.  Keep a copy of your Claim Form and supporting documents for your records.

6.  If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7.  If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

*SolarEdge Technologies, Inc. Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

EXHIBIT A-3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:23-cv-09748-GHW-OTW |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## SUMMARY NOTICE OF PENDENCY
## AND PROPOSED SETTLEMENT OF CLASS ACTION

**To: All persons and entities who purchased or otherwise acquired SolarEdge Technologies, Inc. ("SolarEdge") common stock during the period from February 13, 2023 through October 19, 2023, both dates inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, SolarEdge and certain individual defendants have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of fifty-five million dollars ($55,000,000.00) (the "Settlement").

A hearing will be held before the Honorable Gregory H. Woods either in person or remotely, at the Court's discretion, at Daniel Patrick Moynihan United States Courthouse 500 Pearl St., New York, NY 10007-1312, in Courtroom 12C, on _____, 202___, at __:_____ _.m. (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in

EXHIBIT A-3

the Stipulation of Settlement, dated April 21, 2026; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.[1] The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice. Information about the hearing will be posted at www.SolarEdgeSecuritiesLitigation.com. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Long Notice and Claim Form, you may obtain copies of these documents by visiting www.SolarEdgeSecuritiesLitigation.com or by contacting the Claims Administrator at:

*SolarEdge Technologies, Inc. Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Telephone: [InsertPhone#]
Email: [InsertEmail]

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**POMERANTZ LLP**
Brian Calandra
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016
www.pomlaw.com
(212) 661-1100

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation").

2

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than* _____ __, *2026.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Long Notice so that it is *received no later than* _____ __, *2026.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Long Notice, such that they are *received no later than* _____ __, *2026.*

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2026    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3

EXHIBIT A-4

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

*Important Notice about a Securities*
*Class Action Settlement*

*You may be entitled to a payment. This*
*Notice may affect your legal rights.*
*Please read it carefully*

*This card provides only limited*
*information about the Settlement.*

*Please visit*
*SolarEdgeSecuritiesLitigation.com*
*for more information*

SolarEdge Technologies, Inc. Securities
Litigation
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Telephone: [InsertPhone#]
Email: [InsertEmail]

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

*In re SolarEdge Technologies, Inc. Securities Litigation, Case No. 1:23-cv-09748-GHW-OTW*
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.SOLAREDGESECURITIESLITIGATION.COM OR CALL [InsertPhone#] FOR MORE INFORMATION.*

The U.S. District Court for the Southern District of New York ("Court") has preliminarily approved a Settlement of claims against SolarEdge Technologies, Inc. ("SolarEdge"), and certain of its officers (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made material misrepresentations and/or omissions to the public about channel inventory levels of SolarEdge's products and demand for those products in Europe, causing damage to settlement class members. Defendants deny any wrongdoing.

You received this notice because you or someone in your family or household may have purchased or acquired SolarEdge common stock between February 13, 2023 and October 19, 2023, inclusive ("Class Period"). The Settlement provides that, in exchange for dismissal and release of claims known or unknown against Defendants, Defendants will pay or cause to be paid into a settlement fund $55,000, 000.00 ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, and a compensatory award to Lead Plaintiffs, will be divided among settlement class members who timely submit valid Proof of Claim and Release Forms ("Claim Form"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Claim Form by visiting the website: www.SolarEdgeSecuritiesLitigation.com You may also request copies of the Long Notice and Claim Form from the Claims Administrator by: (1) mail: SolarEdge Technologies, Inc. Securities Litigation, c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103; (2) toll-free phone: [InsertPhone#];or (3) email: [InsertEmail].

To qualify for payment, you must submit a Claim Form to the Claims Administrator. CLAIM FORMS ARE DUE BY _____, 2026 TO: SOLAREDGE TECHNOLOGIES, INC. SECURITIES LITIGATION, C/O CLAIMS ADMINISTRATOR, 1650 ARCH STREET, SUITE 2210, PHILADELPHIA PA 19103, OR SUBMITTED ONLINE AT www.SolarEdgeSecuritiesLitigation.com. If you DO NOT want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by _____, 2026 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 2026. The Long Notice explains how to exclude yourself or to object.

The Court will hold a hearing (the "Settlement Hearing") in this case at Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, in Courtroom 12C, on _____, 202___, at ___:_____.m., to consider whether to approve the Settlement, the Plan of Allocation, a request by Lead Counsel for attorneys' fees up to 25%, plus actual expenses up to $750,000, and awards to Lead Plaintiffs not to exceed $230,000. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. For more information, call [InsertPhone#], or visit the website, www.SolarEdgeSecuritiesLitigation.com.